UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:18-cv-00413-JAW |
| | ) |
| MATTHEW R BELLEROSE, et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OF DECISION ON
MOTION TO VACATE OR MODIFY ATTACHMENT**

In this removed action, Plaintiff Sea Salt LLC alleges that Defendants Matthew Bellerose, his wife, Amanda Bellerose, and others, participated in a scheme to convert Plaintiff's property. The matter is before the Court on Defendant Amanda Bellerose's Motion to Vacate or Modify Attachment.[1] (ECF No. 6.)

Through the motion, Amanda Bellerose seeks to dissolve, in part, the ex parte order of attachment and trustee process issued by the state court. After consideration of the parties' arguments, I grant in part the motion.

**Background Facts**

As alleged by Plaintiff Sea Salt LLC, Matthew Bellerose, a part owner of Plaintiff, conducted a fraudulent scheme through which he converted/embezzled a quantity of

---

[1] Amanda Bellerose filed the motion in state court on August 28, 2018. At that time, she was not a party to the action, and included a request to intervene as part of the motion to vacate or modify the attachment. On October 3, 2018, Plaintiff filed an amended complaint in which Plaintiff asserted additional claims, including claims against Amanda Bellerose. Because Amanda Bellerose is now a party to the action, the Court dismissed as moot the motion to intervene. (Order, ECF No. 7.)

Plaintiff's inventory, with a commercial value in excess of $1 million. Based on affidavits submitted by Plaintiff, the state court granted Plaintiff's ex parte application for attachment and attachment by trustee process, in the amount of $1,496,427. The Superior Court entered the attachment against the property, real estate, bank accounts, cash, credit, or bonds of Defendants Matthew R. Bellerose, Vincent J. Mastropasqua, and East End Transport, LLC. (Ex Parte Order Approving Attachment and Attachment by Trustee Process, ECF No. 1-4.) In an order dated September 10, 2018, the Superior Court dissolved the order of attachment and trustee process to the extent it applied to Vincent J. Mastropasqua. (Order Dissolving Attachment and Trustee Process as to Defendant Vincent J. Mastropasqua, ECF No. 5-29.)

Through the ex parte motion, Plaintiff did not seek an attachment or an attachment by trustee process (hereafter, collectively, "attachment") on the property of Amanda Bellerose or L. B., the daughter of Matthew and Amanda Bellerose. There presently is not a motion before the Court for an attachment of their property.

Amanda Bellerose and Matthew Bellerose have a joint bank account, identified as account -5309 with Bank of America (the joint account). The balance on the account, prior to attachment, was $119,700.00. Matthew Bellerose and his daughter, L. B., also have a joint account with Bank of America. The balance on that account, prior to attachment, was $2,514.53. Both of the accounts are encumbered by the order of attachment issued by the state court.

Amanda Bellerose contends that most of, if not all, of the funds in the joint account are her separate property. She also argues that Matthew Bellerose has no interest in the funds in L.B.'s account.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 64 and Local Rule 64, the Court applies Maine law when presented with a motion for an order of attachment, or a motion to dissolve an order of attachment. *See Hilton Sea, Inc. v. DMR Yachts, Inc.*, 750 F. Supp. 35, 36 (D. Me. 1990). A motion for attachment must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." M. R. Civ. P. 4A(i), 4B(c). A plaintiff must show that it is more likely than not that it will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment or trustee process plus any insurance, bond or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. Me. R. Civ. P. 4A(c), 4B(c).

When a defendant moves to dissolve or modify an ex parte order of attachment and trustee process, "the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit." M. R. Civ. P. 4A(h), 4B(j). Here, Defendant Amanda Bellerose has challenged certain findings of the state court by means of affidavit. Accordingly, the burden is upon Plaintiff to justify the continuance of the attachment as to the property in question.

Plaintiff agrees that the order of attachment should not apply to the account in L.B.'s name. Amanda Bellerose's motion presents the question of whether the record supports and whether the law permits a prejudgment attachment issued against the property of one owner of joint property to encumber the other joint owner's interest in the property.

The issue appears to be one of first impression in Maine. The Court, therefore, must "endeavor to predict how [the state's highest] court would likely decide the question." *Butler v. Balolia*, 736 F.3d 609, 612 – 13 (1st Cir. 2013). "[W]hen making such an informed prophecy, '[a] federal court should consult the types of sources that the state's highest court would be apt to consult, including analogous opinions of that court, decisions of lower courts in the state, precedents and trends in other jurisdictions, learned treatises, and considerations of sound public policy.'" *In re PHC, Inc. S'holder Litig.*, 894 F.3d 419, 428 (1st Cir. 2018) (quoting *Butler*, 736 F.3d at 613).

Because the accounts at issue are held jointly, there exists a presumption that Amanda Bellerose and L.B. have an undivided, one-half interest in the funds on deposit in their respective accounts with the Bank of America. *Bradford v. Dumond*, 675 A.2d 957, 961 (Me. 1996) (citing *Boulette v. Boulette*, 627 A.2d 1017, 1018 (Me. 1993)). Indeed, they may be able to establish that their interests exceed a one-half share based on their "net contribution … to the sums on deposit." 18-A M.R.S. § 6-103(a); *Szelenyi v. Miller*, 564 A.2d 768, 770 – 771 (Me. 1989). In addition, in *Szelenyi,* the Maine Law Court wrote: "As a general rule the entire interest in real property held by joint tenants cannot be used to satisfy the judgment creditor of one joint tenant. A lien created by a judgment attaches

4

only to the interest of the debtor joint tenant." 564 A.2d at 770 (citations and internal quotation marks omitted).

Plaintiff maintains that the reasoning of *Szelenyi* is inapplicable because *Szelenyi* involved real property and not a joint bank account from which one joint owner could withdraw the entire amount in the account. The fact that one owner of a joint bank account could withdraw all the funds in the account without the knowledge or consent of the other owner does not make the entire account available to satisfy a judgment against one of the owners. The Law Court, therefore, is likely to apply the *Szelenyi* reasoning to joint bank accounts. In addition, given the hardship that can accompany a prejudgment attachment, which hardship the Law Court has repeatedly referenced, *see e.g., Aim Leasing Corp. v. Bar Harbor Airways, Inc.*, 499 A.2d 154, 156 (Me. 1985); *Bowman v. Dussault*, 425 A.2d 1325, 1329 (Me. 1981); *Englebrecht v. Development Corp.*, 361 A.2d 908, 910 (Me. 1976), the Law Court is unlikely to distinguish between a prejudgment attachment and a post-judgment lien as Plaintiff argues. Such a conclusion is not only consistent with relevant decisions of the Law Court, but is in accord with well-reasoned, persuasive authority from other jurisdictions regarding the availability of one joint owner's interest in an account to satisfy the debt of the other joint owner. *See*, *e.g.*, *Barrup v. Barrup*, 2014 VT 116, ¶ 23, 198 Vt. 25, 36, 111 A.3d 414, 422 (2014) (joining courts that hold "that only a debtor's pro rata share of a joint account is subject to garnishment by that debtor's individual creditors" (collecting cases)); *Donatelli v. Fleet Nat. Bank*, 692 A.2d 339, 340 (R.I. 1997); *see also*, *c.f.*, *Bakwin v. Mardirosian*, 6 N.E.3d 1078, 1088 (2014) ("A contract of deposit is conclusive as between the bank and other parties to the account, but as between account

5

holders or between account holders and other interested parties, the respective interests are a question of fact.").

In short, Plaintiff is not entitled to an attachment of Amanda Bellerose's interest in the joint account. Although Ms. Bellerose contends that most of the funds in the account are her funds, a review of the record and consideration of the information provided at the hearing on Ms. Bellerose's motion reveal a number of factual questions as to whether Ms. Bellerose's interest in the joint account exceeds one-half. Accordingly, the order of attachment will be modified to reflect that the attachment does not apply to Ms. Bellerose's one-half interest in the account.[2]

**Conclusion**

Amanda Bellerose's Motion to Vacate or Modify Attachment (ECF No. 6) is granted in part. The attachment shall not apply to one-half of the value of the joint account. Matthew Bellerose is not authorized to withdraw any funds from the account. The attachment also shall not apply to the account in L.B.'s name.

**NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of October, 2018.

---

[2] The reference to Ms. Bellerose's one-half interest in the account shall not be construed as a determination that her interest is limited to one-half of the value of the account. On this record, without an evidentiary hearing, I cannot determine whether her interest exceeds one-half the value of the account.