UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   2:18-cv-00413-JAW |
| MATTHEW BELLEROSE, et al., | ) ) ) |
|       Defendants. | ) |

**ORDER ON MOTION TO COMPEL ARBITRATION AND TO DISMISS**

On August 3, 2018, Sea Salt, LLC (Sea Salt) filed a complaint in Superior Court for York County, state of Maine, and on October 3, 2018, Sea Salt amended its complaint to include United Parcel Service, Inc. as a defendant. *Notice of Removal*, Attach. 1, *Comp.*; Attach. 2, *Am. Compl.* (ECF No. 1). On October 5, 2018, Defendant Vincent Mastropasqua filed a notice of removal of the lawsuit from state to federal court. *Notice of Removal* (ECF No. 1). On January 11, 2019, United Parcel Service, Inc. (UPS) filed a motion to compel arbitration and dismiss or stay. *Def. United Parcel Serv., Inc.'s Mot. to Compel Arb. And Dismiss or Stay Action* (ECF No. 31). On February 1, 2019, Sea Salt filed a response to UPS's motion. *Pl.'s Resp. to Def. UPS's Mot. to Compel Arb.* (ECF No. 35). In its response, Sea Salt conceded that its claims against UPS are subject to arbitration and did not oppose UPS's request either for dismissal or for a stay while the parties submitted the matter to binding arbitration. *Id.*

Having reviewed the parties' submissions, the Court agrees with UPS and Sea Salt that Sea Salt's claims are subject to binding arbitration. UPS does not specify

under which rule it is proceeding. "There is some controversy whether a motion to eliminate a party should be filed under Rule 21 or Rule 41." *Miller v. Thayer Corp.*, 2:10-cv-00308-JAW, 2011 U.S. Dist. LEXIS 83752, at *1 (D. Me. Jul. 29, 2011). *Compare Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 21 provides that 'Parties may be dropped or added by order of the court on motion . . . and we think this rule is the one under which any action to eliminate Reynolds as a party should be taken"), *with Leroux v. Lomas & Nettleton Co.*, 626 F. Supp. 962, 965-67 (D. Mass. 1986). "The better view is that either rule is appropriate since under either Rule, the motion is subject to the discretion of the court." *Miller*, 2011 U.S. Dist. LEXIS 83752, at *2 (citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1684 The (3d ed. 2001)) ("The distinction between the two rules is a purely technical one, however, and if a party mistakenly moved under Rule 41 to remedy misjoinder, the motion should be treated as if it had been made under Rule 21").

The remaining question is whether Sea Salt's claims against UPS should be stayed or dismissed pending arbitration. In the First Circuit, federal courts "have discretion to either dismiss or stay when all of the issues before the court are arbitrable." *Bercovitch v. Baldwin Sch.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998); *Ceder v. Securitas Sec. Servs. USA, Inc.*, No. 1:17-cv-00422-NT, 2018 U.S. Dist. LEXIS 80521 (D. Me. May 14, 2018); *Garcia v. MaineGeneral Health*, No. 1:18-cv-00019-NT, 2018 U.S. Dist. LEXIS 197437 (D. Me. Nov. 20, 2018); *Baker v. Securitas Sec. Servs.*

*USA, Inc.*, 432 F. Supp. 2d 120, 127 (D. Me. 2006); *Boulet v. Bangor Sec. Inc.*, 324 F. Supp. 2d 120, 127 (D. Me. 2004). Dismissal has several advantages:

> Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law. This course of action will also make the arbitrability issue immediately appealable and will avoid the litigation expenses and delay if the arbitration conducted were vacated by a later appeal.

*Boulet*, 324 F. Supp. 2d at 127 (quoting *Bangor Hydro-Elec. Co. v. New Eng. Tel. and Tel. Co.*, 62 F. Supp. 2d 152, 161 n.9 (D. Me. 1999) (quoting *Sea-Land Serv., Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757-58 (D.P.R. 1986)).

The Court GRANTS in part and DISMISSES in part the Defendant United Parcel Service, Inc.'s Motion to Compel Arbitration and Dismiss or Stay Action (ECF No. 31). The Court GRANTS the motion insofar as it requests that the matter be dismissed so that Sea Salt, LLC and United Parcel Service, Inc. may proceed with binding arbitration and the Court DISMISSES the motion insofar as it requests that this case be stayed pending completion of the arbitration.

The Court DISMISSES without prejudice Plaintiff Sea Salt, LLC's lawsuit against Defendant United Parcel Service, Inc.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2019