UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:18-cv-00413-JAW |
| | ) |
| MATTHEW R. BELLEROSE, et al., | ) |
| | ) |
| Defendants. | ) |

**DECISION AND ORDER**

Plaintiff moves for entry of default judgment against a defaulted defendant pursuant to Federal Rule of Civil Procedure 55(b). The Court grants the motion and orders, sua sponte, that final judgment be entered against the defaulted defendant pursuant to Federal Rule of Civil Procedure 54(b).

**I. BACKGROUND**

**A. Procedural History**

Sea Salt LLC (Sea Salt) filed a complaint against East End Transport, LLC (East End) and two additional defendants in York County Superior Court for the state of Maine on August 3, 2018, alleging state law claims. *Notice of Removal*, Attach. 1, *Compl.* (ECF No. 1-1). On October 3, 2018, Sea Salt amended its Complaint to add three new defendants as well as federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO Act), 18 U.S.C. §§ 1961 *et seq. Id.*, Attach. 2, *First Am. Compl.* (ECF No. 1-2) (*FAC*). On October 5, 2018, Vincent J. Mastropasqua removed the action to this Court. *Id.* (ECF No. 1). On November 14, 2018, the Clerk

of Court issued a federal court civil summons to East End, informing East End that a lawsuit had been filed against it. *Summons in a Civil Action*, Attach. 5, *Summons Issued as to East End Transport, LLC* (ECF No. 19-5). On the same day, counsel for Sea Salt asserted that she "sent the necessary forms to request a waiver of service from Defendant East End Transport, LLC via the entity's registered agent, Attorney Steven Rand." *Pl.'s Mot. to Extend Deadline to Complete Service* ¶ 2 (ECF No. 28). East End did not respond by the January 3, 2019 deadline to complete service of process. *Id.* ¶ 4. On January 4, 2019, the Magistrate Judge granted an extension of time to complete service until March 4, 2019. *Order* (ECF No. 29).

On February 11, 2019, East End was served with the issued summons. *Proof of Service* (ECF No. 37). On April 5, 2019, Sea Salt filed a motion for default judgment against East End. *Pl.'s Mot. for Entry of Default J.* (ECF No. 41) (*Pl.'s Default Mot.*). On April 17, 2019, Sea Salt filed a motion for entry of default against East End. *Pl.'s Mot. for Entry of Default* (ECF No. 46). The Clerk's Office entered default that same day. *Order Granting Pl.'s Mot. for Entry of Default* (ECF No. 47).

On April 30, 2019, the Court issued an order on Sea Salt's motion for default judgment, granting Sea Salt's request for an evidentiary hearing on damages and reserving judgment on the entry of default judgment. *Order on Mot. for Default J.* at 4-5 (ECF No. 49). The Court ordered Sea Salt to place evidence on the record at the evidentiary hearing that East End had not "appeared or otherwise defended the case," and to provide East End with "advance notice of the date, time, and place" of the hearing. *Id.* at 4.

2

The evidentiary hearing on damages took place on June 17, 2019. At that hearing, the Court found that Sea Salt "presented sufficient information to establish damages . . . in the amount of $1,500,000" and sought from counsel for Sea Salt "an argument . . . in writing as to what amount of punitive damages . . . are justified and why under the law." *Tr. of Proceedings* at 62:24–63:07 (ECF No. 74). Although counsel for Sea Salt thought at the time of the June 17, 2019 hearing that she had complied with the notice requirement of the April 30, 2019 order, she later discovered that she had inadvertently failed to do so. Following this hearing, on June 21, 2019, counsel for Sea Salt therefore filed a motion to continue the damages hearing due to the inadvertent failure to provide advance notice of the hearing to East End. *Pl.'s Mot. to Continue Damages Hr'g* (ECF No. 60). The Court granted the motion the same day. *Order* (ECF No. 61).

On June 21, 2019, Mr. Mastropasqua filed a motion for reconsideration of the Court's Order on Sea Salt's motion to continue the damages hearing. *Def. Vincent Mastropasqua's Mot. for Recons. of Order on Pl.'s Mot. to Continue Damages Hr'g* (ECF No. 62). On June 27, 2019, Defendant Amanda F. Bellerose joined Mr. Mastropasque's motion. *Def. Amanda F. Bellerose's Mot. for Recons. of Order on Pl.'s Mot. to Continue Damages Hr'g* (ECF No. 66). On July 2, 2019, Sea Salt filed an affidavit establishing its attempts to provide East End with notice of the continued damages hearing. *Suppl. Aff. of Laura H. White Regarding Notice of Hr'g to East End Transport, LLC* (ECF No. 72). Sea Salt responded to Mr. Mastropasqua and Ms. Bellerose's motion for reconsideration on July 12, 2019. *Pl.'s Opp'n to Def. Vincent J.*

*Mastropasqua's Mot. for Recons.* (ECF No. 73). Mr. Mastropasqua replied to Sea Salt's opposition to its motion for reconsideration on July 17, 2019. *Def. Vincent Mastropasqua's Reply to Pl.'s Opp'n to Mot. for Recons.* (ECF No. 77).

On July 17, 2019, the Magistrate Judge issued a scheduling order in the case. *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No. 78). In light of this scheduling order, counsel for Mr. Mastropasqua sent a letter to the Clerk of Court on August 7, 2019 withdrawing his motion for reconsideration. *August 7, 2019 Letter to Clerk of Court* (ECF No. 82). On August 8, 2019, at the continued damages hearing, the Court deemed the August 7 letter to be a withdrawal of the motion for reconsideration by Mr. Mastropasqua, and further found Ms. Bellerose and her attorney's absence from the proceeding to be a waiver of the motion for reconsideration. *Oral Order Withdrawing Mot. for Recons.* (ECF No. 84).

On July 1, 2019, Sea Salt filed a memorandum in support of its motion for default judgment, attaching an affidavit in support of its request for attorney's fees. *Pl.'s Mem. in Support of Default J.* (ECF No. 69); *id.*, Attach. 2, *Fee Aff. of Laura H. White* (ECF No. 69-2). On August 8, 2019, the Court held the continued damages hearing. The Court concluded, taking the allegations against East End as true, that Sea Salt had presented sufficient evidence to justify treble damages under the RICO Act and sufficient evidence of actual or implied malice to justify punitive damages of twice the amount of compensatory damages. The Court awarded both treble damages and punitive damages to Sea Salt, though noting that the punitive damages would be subsumed by the treble damages. The Court reserved judgment on the request for

4

attorney's fees and ordered counsel for Sea Salt to file an amended application for attorney's fees with the Court by August 29, 2019.

B. **Statement of Facts**

Though the Court has previously found at the two evidentiary hearings that sufficient evidence exists to support Sea Salt's requests for damages and punitive damages, a brief statement of relevant facts—found true as against East End but no other defendant—follows.

In the summer of 2017, Sea Salt hired a forensic accounting firm to investigate an unexplained and substantial loss of product for the year 2016 in the amount of 100,000 pounds of lobster. *Tr. of Proceedings* at 10:10–11:06. Sea Salt estimated that loss to be worth approximately $450,000 to $600,000 based on a price per pound estimate of $4.50 to $5.95. *Id.* at 11:07–17. The forensic accounting firm determined that this missing product was the result of theft. *Id.* at 12:07–10. These losses continued until at least June 2018. *FAC* ¶ 39.

Based on the evidence, the cause of these losses, as it turned out, was indeed theft. An employee of Sea Salt would ship inventory to a company called "Mastro's" but would not invoice Mastro's for most of the product. *FAC* ¶¶ 27-35. The amount of this loss between January 1, 2017 and June 2018 totaled at least $1,496,427.67. *Id.* ¶ 40. This employee and his associates would then resell the stolen lobster at below market price. *Tr. of Proceedings* at 41:14-22. The profits from this fraudulent venture were deposited in accounts under the names "East End Transport" and "East
5

End." *FAC* ¶ 22. East End is a Maine Limited Liability Company located in Maine. *Id.* ¶ 9.

## II. LEGAL STANDARD

In the event that a party who is "neither a minor nor an incompetent person," is defaulted "for not appearing" and the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation," Federal Rule of Civil Procedure 55(b)(1) requires that, upon the plaintiff's request, the Clerk of Court enter judgment for plaintiff in the amount requested, plus costs. FED. R. CIV. P. 55(b)(1). If the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the party seeking default "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Should the court need to conduct further investigation before entering a judgment, it "may conduct hearings or make referrals . . . ." *Id.*

Federal Rule of Civil Procedure 54(b) requires that, "when multiple parties are involved" in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Applying Rule 54(b), the First Circuit has used a multi-step approach to determine whether a Rule 54(b) certification is appropriate. *PNC Bank, Nat'l Ass'n v. Crystal Touch Car Wash, LLC*, No. 09-cv-00292-DBH, 2009 WL 10681805, at *2 (D. Me. Sept. 17, 2009) (citing *Geiselman v. United States*, 961 F.2d 1 (1st Cir. 1992) (per curiam); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34 (1st Cir. 1991); *Spiegel v. Trustees of Tufts C.*, 843 F.2d 38 (1st Cir. 1988)). Before making a certification under Rule 54(b), a court

6

must "first ask 'whether the judgment has the requisite aspects of finality.'" *Niemic v. Galas*, 286 Fed. App'x 738, 739 (1st Cir. 2008) (quoting *Spiegel v. Trs. of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)). For example, a court should examine whether the judgment dismissed all the claims against the defendant against whom judgment is issued. *Id.*

The court must then determine that there is no just reason for delay, which includes an assessment of "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Id.* (quoting *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996)). A court may properly make a Rule 54(b) certification sua sponte. *See Kimberly-Clark Corp., Brown-Bridge Div. v. E. Fine Paper, Inc.*, 559 F. Supp. 815, 836 n.3 (D. Me. 1981).[1]

## III. DISCUSSION

### A. Entry of Default Judgment

Following the Court's factual determinations at the June 17 and August 8, 2019 hearings, the Court views as appropriate the entry of a default judgment against East End and in favor of Sea Salt on all claims. The record demonstrates East End did not respond to the summons and First Amended Complaint within the twenty-one-day period set by Federal Rule of Civil Procedure 12(a)(i) and did not attend an evidentiary hearing on damages despite being noticed by counsel for Sea Salt. Additionally, the Court has found that there is sufficient evidence to support

---

[1] The Court cites footnote three of the "Supplemental Opinion on Form of Judgment," not footnote three of the "Opinion and Order of the Court."

7

compensatory damages in the amount of $1,500,000, treble damages under the RICO Act, and punitive damages in the amount of $3,000,000.

## B. Rule 54(b) Certification

The judgment of default against East End in this case is final within the meaning of Rule 54(b). The order granting Sea Salt's motion for entry of default, *Order Granting Pl.'s Mot. for Entry of Default*, resolved all of Sea Salt's claims against East End, and there is nothing further to litigate on these claims. *See Niemic*, 286 Fed. App'x at 739 ("The answer to that question is not in doubt here, since the judgment dismissed all claims against the medical defendants"). As required by Rule 55(b)(2), Sea Salt applied to the Court for a judgment of default and, after conducting an inquiry into the proper amount of damages, the Court determined that the evidence presented supports Sea Salt's damages computation as well as its request for treble damages under the RICO Act and punitive damages. Therefore, the Court finds that its judgment under Rule 55(b)(2) is final. *See PNC Bank, Nat'l Ass'n v. Crystal Touch Car Wash, LLC*, No. 09-cv-00292-DBH, 2009 WL 10681805, at *2 (D. Me. Sept. 17, 2009).

There is no just reason for delay in entering a final judgment against East End and in favor of Sea Salt. With regard to the interrelationship of the parties, East End is a defaulted party, so there is "no danger that the Court of Appeals will have to consider the same issue twice." *Id.* at *3. There is no suggestion that entry of final judgment against East End will negatively impact the resolution of claims against the remaining defendants. Additionally, the Court has assessed the equities involved

8

and found that delay in entering a final judgment is unwarranted. Because Sea Salt met the requirements for a default judgment under Rule 55(b), the Court is aware of no grounds for East End to appeal the default judgment. To delay final judgment against East End would not protect any interests of the remaining defendants but would only postpone Sea Salt's ability to collect on an award to which it is entitled.

## IV. CONCLUSION

The Court GRANTS Sea Salt LLC's Motion for Entry of Default Judgment (ECF No. 41) and directs the Clerk to enter final judgment for Sea Salt LLC and against East End Transport, LLC in the amount of four million five hundred thousand dollars, along with attorney's fees and costs. This final judgment will be subject to a further order and judgment on attorney's fees.[2]

The Court ORDERS Sea Salt LLC to file an amended application for attorney's fees by August 29, 2019.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2019

---

[2] The prospect of an attorney's fee application does not prevent the entry of judgment subject to a later amended judgment including court-approved fees. *PNC Bank,* 2009 WL 10681805, at *2.