UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC,<br><br>        Plaintiff,<br><br>     v.<br><br>MATTHEW R. BELLEROSE, et al.,<br><br>        Defendants. | 2:18-cv-00413-JAW |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff moves for an award of attorney's fees against a defaulted defendant. The Court grants a portion of Plaintiff's motion and reserves ruling on a further portion pending additional explanation.

**I.    PROCEDURAL HISTORY**

The procedural history for this action is described through August 8, 2019, in the Court's August 27, 2019, Decision and Order, and familiarity with that Decision and Order is assumed. *Decision and Order* at 1-5 (ECF No. 86). That decision and order granted Sea Salt, LLC's (Sea Salt) Motion for Entry of Default Judgment, *Mot. for Entry of Default J.* (ECF No. 41), and directed the clerk of court to enter final judgment for Sea Salt and against East End Transport, LLC (East End) in the amount of $4,500,000. *Decision and Order* at 9. The Order stated that it would be "subject to a further order and judgment on attorney's fees," and ordered Sea Salt to "file an amended application for attorney's fees by August 29, 2019." *Id.* On August

28, 2019, the clerk of court entered default judgment for Sea Salt and against East End. *Default J.* (ECF No. 87).

On August 29, 2019, Sea Salt filed a motion for attorney's fees, *Pl.'s Mot. for Att'y's Fees* (ECF No. 88), along with a supplemental fee affidavit, *id.*, Attach. 1, *Suppl. Fee Aff. of Laura H. White*, and a fee entry list, *id.*, Attach. 2, *Fee Entry List by Client*.

## II.  ANALYSIS

Attorney's fees are available to Sea Salt in this action because one of the claims defaulted by East End was brought under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act (RICO). *Notice of Removal*, Attach. 2, *First Amended Compl.* ¶¶ 178-80 (ECF No. 1). Attorney's fees are available to successful plaintiffs in RICO actions. § 1964(c). At the hearing on damages that took place August 8, 2019, the Court informed counsel for Sea Salt of three potential issues with Sea Salt's request for attorney's fees. First, the Court pointed out that some of the hourly rates listed by counsel for Sea Salt in its Fee Affidavit, *Pl.'s Mem. in Support of Default J.*, Attach. 2, *Fee Aff. of Laura H. White* (ECF No. 69-2), were higher than the rates authorized by the Court in *TD Bank, N.A. v. Estate of Woodman*, No. 17-cv-00163-JAW, 2019 U.S. Dist. LEXIS 103940 (D. Me. June 21, 2019). Second, the Court requested an itemized list of billing entries to assure itself that the amount being billed did not reflect time spent pursuing defendants other than East End. Third, the Court noted that East End should not be charged for billing entries related to the August 8, 2019 hearing, which was necessitated by counsel for Sea Salt's inadvertent failure to give

notice to East End of the June 17, 2019, hearing.[1]  After reviewing Sea Salt's Supplemental Fee Affidavit, the Court is satisfied that its first and third concerns have been rectified but requests further clarification with regard to its second concern.[2]

The Court grants the below list of billing entries, totaling $22,330.88, without further revision.  *Fee Entry List by Client*.

| Date | Tmkr | Hrs to Bill | Modified Amount | Description |
| --- | --- | --- | --- | --- |
| 7/20/2018 | 5 | 2.7 | 708.75 | detailed review of UPS shipping records compare excel spreadsheet and client documents, email client |
| 7/22/2018 | 5 | 3.4 | 892.5 | continue detail review of weekly invoice, begin drafting Breau Affidavit, emails and tc with client |
| 7/23/2018 | 5 | 1.8 | 472.5 | continue drafting Breau affidavit and related document review |
| 7/24/2018 | 5 | 2.9 | 761.25 | review one drive documents, create table of losses, review recording, emails with client re same |
| 7/25/2018 | 5 | 1.2 | 315 | cont. breau affidavit. Begin McEwen affidavit, email clients re claims in complaint |

---

[1]  Sea Salt did include two entries related to the August 8, 2019, hearing in its Supplemental Fee Affidavit: 1) a June 21, 2019, entry stating, "Draft and file Motion to Continue Damages Hearing; research and office work re: same."; 2) a June 21, 2019, entry stating, "Telephone conference with court reporter re transcript of damages hearing."  *Fee Entry List by Client*.  Except for these entries, the Court is satisfied that Sea Salt has not attempted to bill East End for the August 8, 2019, hearing.

[2]  Sea Salt included one entry from July 1, 2019, that was for "proofing 7/1 filing."  *Fee Entry List by Client*.  Proofreading is typically a clerical task and the First Circuit has stated that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them."  *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992).  As the entry is framed as the performance of a purely secretarial task, the Court has not approved this entry.

| Date | Tmkr | Hrs to Bill | Modified Amount | Description |
|---|---|---|---|---|
| 7/26/2018 | 5 | 2.3 | 603.75 | review transcription of recording. Compile documents for Breau Affidavit Exhibits, attention to litigation strategy, begin highbarger and McKeller Affidavits |
| 7/29/2018 | 5 | 1.5 | 393.75 | research re fiduciary duty, Uniform Deceptive Trade Practices Act claim |
| 8/1/2018 | 27 | 6.1 | 1921.5 | review affidavits, draft motion for attachment, brief legal research |
| 8/2/2018 | 5 | 1.6 | 420 | Correspondence with attorney Rachin re filing and review of all affidavit attachments, review and revise final complaint and motion for attachment |
| 8/2/2018 | 27 | 6.2 | 1953 | finalize all affidavits, review and revise complaint, motion for attachment, revise complaint, exchange emails with and TC with Breau |
| 8/3/2018 | 5 | 1.8 | 472.5 | TC with York County clerk's office, draft proposed order and email clerk re: granting of order of attachment. Office work re: recording same |
| 8/6/2018 | 5 | 1.7 | 446.25 | Extensive telephone call with Clerk's office re entry of ex parte order TC and emals with clients, Begin process of serving trustee summonses |
| 8/8/2018 | 5 | 0.8 | 210 | TC with various banks re trustee summonses. Correspondence with client re same |

| Date | Tmkr | Hrs to Bill | Modified Amount | Description |
|---|---|---|---|---|
| 8/9/2018 | 5 | 1.4 | 367.5 | telephone and email correspondence with client, email from opposing counsel, continued monitoring of trustee summonses |
| 8/10/2018 | 5 | 0.5 | 131.25 | office work re additional trustee summonses and UCC filing |
| 8/13/2018 | 5 | 0.6 | 157.5 | email correspondence and office work re: additional receipt of trustee summonses. TC and emails with opposing counsel |
| 9/10/2018 | 5 | 0.6 | 157.5 | Emails with Clerk and office work re: trustee summonses. |
| 9/27/2018 | 5 | 1.6 | 420 | Continue drafting and research re: amended complaint. |
| 10/3/2018 | 5 | 2.6 | 682.5 | Telephone conference with client. Research re: claims and finalize amended complaint. |
| 10/10/2018 | 5 | 1.2 | 315 | Office work re: removal to federal court. |
| 3/6/2019 | 37 | 0.4 | 73.5 | UCC search for East End Transport LLC |
| 4/4/2019 | 37 | 1.2 | 220.5 | motion for default judgment against East End |
| 4/5/2019 | 5 | 1.7 | 446.25 | Draft and file motion for default judgment and related affidavit. Related office work. |
| 4/9/2019 | 5 | 0.6 | 157.5 | Attention to amending motion for default/entry of default. |
| 4/9/2019 | 37 | 0.2 | 36.75 | email correspondence re motion for entry of default |
| 4/12/2019 | 37 | 1 | 183.75 | Telephone conference with clerk re motion for default, motion for entry of default and affidavit in support of Motion of Entry of Default |
| 4/12/2019 | 37 | 0.3 | 55.125 | entry of appearance |

| Date | Tmkr | Hrs to Bill | Modified Amount | Description |
|---|---|---|---|---|
| 4/17/2019 | 5 | 0.9 | 236.25 | Draft motion for entry of default and affidavit; related office work. |
| 5/8/2019 | 5 | 0.3 | 78.75 | Correspondence with Clerk and client re: hearing date. |
| 6/11/2019 | 37 | 3 | 551.25 | interoffice work to prepare for hearing on damages |
| 6/11/2019 | 37 | 1.8 | 330.75 | meeting in office with clients/preparation for damages hearing |
| 6/13/2019 | 5 | 1.4 | 367.5 | Continued hearing preparation. |
| 6/13/2019 | 37 | 0.8 | 147 | pulling and organizing trial exhibits for damages |
| 6/14/2019 | 5 | 4.7 | 1233.75 | Email clerk re: hearing. Prepare notebooks and exhibits for hearing. Related correspondence with client. |
| 6/14/2019 | 27 | 1 | 315 | Preparation for hearing. |
| 6/14/2019 | 35 | 2 | 199.5 | assist Atty White with hearing prep (East End Transport damages hearing) |
| 6/14/2019 | 37 | 0.3 | 55.125 | research re reach of invocation of 5th in civil proceedings |
| 6/14/2019 | 37 | 1 | 183.75 | prep documents for trial binder |
| 6/14/2019 | 37 | 1.5 | 275.625 | research and preparation for damages, punis and treble |
| 6/15/2019 | 37 | 1.5 | 275.625 | document preparation for damages hearing |
| 6/15/2019 | 37 | 1.5 | 275.625 | reviewing documents, preparing outline for McEwen testimony |
| 6/16/2019 | 5 | 10.4 | 2730 | Extensive review of exhibits and preparation for hearing; outline of direct examination and emails to client re: same. |
| 6/16/2019 | 37 | 0.4 | 73.5 | research redaction requirement under FRCP and redacted exhibits |

| Date | Tmkr | Hrs to Bill | Modified Amount | Description |
|---|---|---|---|---|
| 6/16/2019 | 37 | 0.6 | 110.25 | research into 5th amendment waiver after defendant opens the door with testimony about non collateral matters |
| 6/28/2019 | 37 | 3 | 551.25 | draft motion re punitive, treble and atty fees |
| 6/30/2019 | 5 | 3.8 | 997.5 | Draft proposed judgment; research re: same. |
| 7/1/2019 | 37 | 0.2 | 36.75 | email correspondence with LHW re proposed order and motion for punitive damages |
| 7/1/2019 | 37 | 1.5 | 275.625 | research re joint and several liability. |
| 7/1/2019 | 37 | 0.3 | 55.125 | lodestar research |
| | | **TOTAL:** | **$22, 330.875** | |

The Court does not have sufficient information to rule on the remaining entries. Many of the billing entries do not make explicit how they relate to East End; other individual billing entries contain multiple tasks, and it is not clear on the face of those entries how much time was spent on tasks related specifically to East End. *See Estate of Woodman*, 2019 U.S. Dist. LEXIS 103940, at *6-7 ("The Court reviewed the hours billed by Plaintiff's counsel for legal services outside the flat fee agreement and finds that TD Bank has not demonstrated a sufficient demarcation between legal services relating to the foreclosure and those relating to the partition action . . .. Although the work performed appears to relate in part to the foreclosure action, at least part of the entry reflects research on bringing a partition action in Maine, an issue unrelated to the foreclosure claim. Because the tasks were grouped under a single time entry, rather than being properly divided between partition-related and

7

foreclosure-related tasks, the Court cannot award a fee based on these hours in the absence of an amended bill properly delineating between tasks for each claim").

Accordingly, Sea Salt is instructed to file a second amended application for attorney's fees laying out:

1. A brief explanation of the connection between the work done on each remaining billing entry and East End. Where, upon request of the Court, Sea Salt would not be able to provide the Court with records or evidence to authenticate that connection for a particular entry, that entry should be left out of the affidavit.

2. Where billing entries contain multiple tasks, a brief explanation of which relate to East End. The requested fees associated with each entry should only reflect work done to pursue claims against East End. Sea Salt may recover from East End fees for work performed in pursuit of claims against all or a subset of defendants equally so long as the tasks cannot be disaggregated.

To illustrate, if a timekeeper for Sea Salt spent five hours preparing summonses for each of the defendants, Sea Salt may not recover fees from East End for all five of those hours, but only for the time spent preparing the summons specifically for East End. Alternatively, if a timekeeper spent five hours working on the amended complaint filed in this case against all the defendants, Sea Salt may recover fees for all that time from East End.

Additionally, the Court requests that Sea Salt send a copy of any Microsoft Excel files that it subsequently files with the Court in connection with this application for attorney's fees to the clerk of court in Excel format.

## III. CONCLUSION

The Court GRANTS in part Sea Salt, LLC's Motion for Attorney's Fees (ECF No. 88) for billing entries listed above totaling twenty-two thousand three hundred thirty dollars and eighty-eight cents, and DEFERS in part on the remainder of the billing entries submitted by Sea Salt, LLC pending the Court's review of a second amended application for attorney's fees.

The Court ORDERS Sea Salt, LLC to file a supplemental application for attorney's fees by October 17, 2019.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2019