UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA SALT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00413-JAW |
| | ) | |
| MATTHEW BELLEROSE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DISCOVERY ISSUES**

The Court held a telephonic conference on November 1, 2019, to discuss several discovery issues. The Court scheduled the conference in response to the requests for a discovery conference filed by Defendant Vincent Mastropasqua (ECF Nos. 91 and 95), and Defendant Amanda Bellerose. (ECF No. 96.)

After consideration of the issues and the parties' arguments, for the reasons stated on the record, the Court finds and orders:

A. Defendant Vincent Mastropasqua may file a motion to compel Plaintiff to produce copies of written communications between Plaintiff's counsel and Plaintiff's representatives to which communications David Breau was a party. The Federal Rules of Civil Procedure and the District of Maine Local Rules shall govern the filing of the response to and reply in support of any such motion.

B. On or before November 8, 2019, Plaintiff shall supplement its responses to Defendant Vincent Mastropasqua's discovery requests as follows:

1. <u>Interrogatory No. 2</u>:  Plaintiff shall provide the birth dates of David Breau, Shawn McEwen, Morey Highbarger, and Mike McKellar.

2. <u>Interrogatory No. 4</u>: Plaintiff shall provide a summary of the amount of damages it seeks to recover and identify the documents upon which it relies to support its claims for damages.

3. <u>Interrogatory No. 5</u>:  Plaintiff shall advise whether Plaintiff has withheld any information under its custody and control responsive to the interrogatory.  If Plaintiff informs Defendant that it has withheld responsive information based on a privilege or the confidentiality of the information, Defendant may file a motion to compel a response to the interrogatory. The Federal Rules of Civil Procedure and the District of Maine Local Rules shall govern the filing of the response to and reply in support of any such motion.

4. <u>Interrogatory No. 7</u>:  Plaintiff shall supplement its interrogatory answer to include the factual bases for its contention that Defendants engaged in comingling of funds as alleged in the complaint.

5. <u>Request for Production No. 9</u>:  Subject to and in accordance with the terms of the Confidentiality Order (ECF No. 94), Plaintiff shall produce a copy the personnel file of Defendant Matthew Bellerose.

6. <u>Request for Production No. 10</u>:  Plaintiff shall provide all files stored on the OneDrive account associated with the email address, <u>lobsterorder@gmail.com.</u> Plaintiff shall also produce copies of certain email communications associated with the same email address, which communications are to be determined

through use of reasonable search terms to which the parties agree. If the parties disagree on the relevance of any proposed search terms, the parties may request a further conference with the Court.

7. <u>Request for Production No. 22</u>:  Plaintiff shall advise whether Plaintiff has withheld any documents under its custody and control responsive to the request. If Plaintiff informs Defendant that it has withheld responsive documents based on a privilege or the confidentiality of the documents, Defendant may file a motion to compel the production of the documents. The Federal Rules of Civil Procedure and the District of Maine Local Rules shall govern the filing of the response to and reply in support of any such motion.

8. <u>Plaintiff's Expert Designation</u>:  Plaintiff shall supplement its designation of Purdy Powers and Company as an expert by summarizing Purdy Powers and Company's expected testimony, the documents it reviewed and on which its testimony is based, its conclusions with respect to its review of the documents, and the reasons for its conclusions.

C. Plaintiff's subpoenas issued to TD Bank and RepubliCash for financial information shall be limited to responsive documents generated between December 1, 2011 and August 31, 2018.

D. Plaintiff may not obtain the personnel file maintained at RepubliCash on Defendant Vincent Mastropasqua.

E.  Plaintiff's subpoena to VISA for financial records of Defendant Amanda Bellerose shall be limited to responsive documents generated between January 1, 2017 and August 31, 2018.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of November, 2019.