UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA SALT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00413-JAW |
| | ) | |
| MATTHEW BELLEROSE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO STAY**

Defendant Matthew Bellerose asks the Court to stay proceedings pending a criminal investigation related to Plaintiff's allegations against Defendant Bellerose in this matter. (Motion to Stay, ECF No. 112.) Plaintiff opposes the motion (ECF No. 154); Defendant Vincent Mastropasqua opposes the motion only to the extent a stay would prevent Defendant Mastropasqua from filing a motion for summary judgment. (ECF No. 130.)

Following a review of the parties' submissions and the record, the Court grants in part the motion to stay.

**BACKGROUND**

Defendant Bellerose asserts that he is the target of a federal criminal investigation regarding the events alleged in Plaintiff's amended complaint (ECF No. 1-2). (Motion at 1.) During the corporate deposition of Plaintiff, Plaintiff's designee, David Breau, testified that he had been in communication with the FBI about this matter and was arranging a meeting with an FBI agent to discuss the case. (*See* ECF No. 145 at 17:7-9; 20:6-21:24.)

Breau further testified that the case had originally been referred to the FBI by one of Plaintiff's owners, Shawn McEwen. (Id. at 13:8-18; 19:9-15.)

On January 28, 2020, Plaintiff's counsel raised with defense counsel concerns about the possible violation of federal anti-money laundering laws. (Motion at 2; Reply at 3, ECF No. 168.) Plaintiff's counsel also advised that Plaintiff intended to file an amended complaint to include money laundering allegations and to provide the FBI with the pleadings. (*Id*.) Defendant Bellerose subsequently file the motion to stay.

Defendant Bellerose asserts that counsel's assertions and the ongoing criminal investigation prompted him to file the instant motion. Defendant maintains a stay is necessary to avoid the potential prejudice to him in the defense of the criminal matter if he were required to respond to the allegations in the context of this civil litigation. (*Id*.)

Plaintiff contends that a stay is not necessary as Defendant Bellerose has been able to participate in this litigation, which began in Maine state court in 2018, while protecting his ability to defend the criminal matter. (Opposition at 2, ECF No. 154.) For instance, Plaintiff argues, although Defendant Bellerose invoked his Fifth Amendment rights in making his initial disclosures in August 2019, he continued to participate in discovery and motion practice, which included a full hearing on damages required for the entry of default judgment against Defendant East End Transport, LLC. (*Id*. at 2-3.)

## DISCUSSION

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons," including the pendency of parallel proceedings. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). As the First Circuit has noted, "a

district court's discretionary power to stay civil proceedings in deference to parallel criminal proceedings should be invoked when the interests of justice counsel in favor of such a course." *Id*. Whether the existence of a parallel proceeding warrants the stay of a proceeding requires consideration of various interests and is a case-specific inquiry. *Id.* at 78.[1]

The primary factors a court should consider are: "(1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (2) the hardship to the defendant, including the burden placed upon [the defendant] should the cases go forward in tandem; (3) the convenience of both the civil and criminal courts; (4) the interests of third parties; and (5) the public interest." *Id*. Another factor a court should consider, which has been described as "[t]he most important factor," is "the degree to which the civil issues overlap with the criminal issues." J. Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1989).

Here, Plaintiff has a substantial interest in the resolution of this litigation, which has been pending since 2018. The potential burden on Defendant Bellerose, however, militates in favor of a stay. While "a defendant has no constitutional right to a stay simply because a parallel criminal proceeding is in the works," *Microfinancial, Inc.*, 385 F.3d at 77-78, the

---

[1] The term "investigation" is used by courts interchangeably or in tandem with "proceeding" when discussing parallel civil and criminal matters, and whether the criminal matter is, in fact, an investigation rather than a court proceeding does not appear to be the determining factor. *See, e.g., id.* at 77-78; *Zavastsky v. O'Brien*, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) ("While a court is not compelled to stay a civil proceeding during the pendency of a parallel criminal investigation or proceeding, such a scenario has been recognized as one in which a stay may be appropriate.")

"strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  A defendant who invokes the Fifth Amendment in response to civil discovery can be prejudiced in at least two ways in the civil proceeding: "First, unlike in a criminal case, an adverse inference may be drawn from the invocation of the privilege…. Second, … invoking the Fifth Amendment privilege prevents the defendant 'from adequately defending his position' in the civil case." *Green v. Cosby*, 177 F. Supp. 3d 673, 679 (D. Mass. 2016) (quoting *Volmar Distribs., Inc*., 152 F.R.D. at 39).

The likelihood of Defendant Bellerose asserting his Fifth Amendment right as the case proceeds is high given that the criminal investigation of which he is a target is closely connected to this civil proceeding.  The commonality is underscored by the fact Plaintiff's counsel forwarded the amended pleadings in this matter to law enforcement to facilitate the criminal investigation.  Where there is "'substantial overlap between the subject matter of the two proceedings,'" a stay of the civil proceeding is favored.  *S.E.C. v. Liberty*, No. 2:18-cv-00139-JDL, 2019 WL 3752907, at*2 (D. Me. Aug. 8, 2019) (quoting *S.E.C. v. Desai*, 672 F. App'x 201, 205 (3d Cir. 2016)).  In such circumstances,

> "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privileges, or from being prejudiced in the criminal litigation if he or she waives the privilege in the civil litigation."

*Id*. (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 97 (2d Cir. 2012).

As to the convenience of the courts, because a formal criminal charge has not been filed, the delay of the civil action could be indefinite and a delay over which the Court has

4

no control.  For that reason, "[w]hile pre-indictment stays of parallel civil proceedings occasionally have been granted, an unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief." *Microfinancial, Inc.,* 385 F.3d at 79. (internal citations omitted).  The convenience issue, therefore, would weigh to some degree against a stay.

Given that Plaintiff has alleged claims against multiple defendants, the interests of the other parties (i.e., other than Plaintiff and Defendant Bellerose) must be considered. The other parties have an understandable interest in concluding the civil matter without unreasonable delay. To that point, if the Court grants a stay, Defendant Vincent Mastropasqua has asked the Court to limit the scope of the stay to permit him the opportunity to file a dispositive motion.

The public has an interest not only in the efficiency of the judicial process, but also in the preservation of an individual's ability to defend in a meaningful way against both criminal charges and civil claims.  Given the significance of the rights Defendant Bellerose seeks to preserve through a stay, the public interest weighs in favor of a stay. That is, "while a stay may cause some inconvenience and delay to [Plaintiff], 'protection of defendant's constitutional rights against self-incrimination is the most important consideration.'" *United Techns. Corp., Hamilton Standard Div. v. Dean*, 906 F. Supp. 27, 29 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977)).

After consideration of the relevant factors, the Court is persuaded that the entry of a stay of further proceedings as to Defendant Bellerose is warranted. The Court, however, is convinced that any outstanding discovery that might be due and motion practice involving parties other than Defendant Bellerose could proceed without generating the legitimate concerns Defendant Bellerose raises. Other courts have seen the merit of a partial stay in a civil case where a parallel criminal matter is pending. *See e.g., E.I. du Pont de Nemours and Co. v. Hou*, No. 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) (court stayed discovery as to one defendant); *S.E.C. v. Archer*, No. 16cv3505, 2016 WL 4317303 (S.D.N.Y. Aug. 10, 2016) (court stayed certain discovery, but not all discovery); *U.S. S.E.C. v. Kanodia*, 153 F. Supp. 3d 478 (D. Mass. 2015) (court stayed certain discovery – depositions of two individuals – but permitted other discovery). A partial stay would allow Defendant Bellerose to preserve his constitutional rights without compromising his ability to defend against Plaintiff's claims, would permit Plaintiff to proceed on its claims against the other defendants at least through the conclusion of any discovery that might be outstanding and motion practice, which process would likely facilitate an earlier trial of the case, and would allow the other defendants to move for summary judgment if they believe such relief is warranted.

The Court, therefore, will stay further proceedings as to Defendant Bellerose. The matter shall proceed as to the other defendants.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part the motion to stay. (ECF No. 112.) The Court stays the proceedings as to Defendant Bellerose until further order of

the Court.  The matter shall proceed as to the other defendants.[2]  Defendant Bellerose shall immediately notify the Court when the criminal proceedings conclude.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2020.

---

[2] Upon conclusion of any discovery that might be outstanding and any motion practice as to the other defendants, the Court will assess whether the stay as to Defendant Bellerose should be lifted or whether the trial shall be stayed until conclusion of the criminal proceeding.