UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
|                Plaintiff, | ) |
| v. | ) 2:18-cv-00413-JAW |
| MATTHEW BELLEROSE, et al., | ) |
|                Defendants | ) |

**ORDER ON MOTION TO DISQUALIFY**

Plaintiff seeks to disqualify counsel for all defendants based on Plaintiff's assertion that the defendants have engaged in money laundering and that any payment for attorney fees "will necessarily involve the knowing acceptance of 'tainted funds.'" (Motion at 3, ECF No. 140.) The Court denies the motion.

**DISCUSSION**

Disqualification of counsel by court order "is almost never cut-and-dried." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 246 (1st Cir. 1989). The district court has "wide discretion" and the determination "ordinarily turns on the peculiar factual situation of the case then at hand." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377 (1981)). Various circumstances can give rise to a need to consider a disqualification motion. By way of example, the First Circuit has observed:

> It may be necessary, for instance, to assess the degree to which a lawyer's presence might taint the trial; the court's need to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession; the litigants' interest in retaining counsel

of their choosing; and the availability and relative efficiency of other sanctions.

Because this Court has adopted the Maine Rules of Professional Conduct, the Court applies Maine law when assessing whether disqualification is required. *Concordia Partners, LLC v. Ward*, No. 2:12-cv-138-GZS, 2012 WL 3229300 at *1 (D.Me. Aug. 6, 2012). This Court explained the applicable standard in this District:

> In Maine, the Law Court has held that disqualification of an attorney is appropriate only where the moving party produces evidence supporting two findings: (1) "continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule" and (2) continued representation by the attorney would result in "actual prejudice" to the party seeking that attorney's disqualification. *Morin v. Maine Educ. Ass'n*, 993 A.2d 1097, 1100 (Me. 2010). As the party moving for disqualification, Defendant "has the burden of showing the grounds for disqualification." *Casco N. Bank v. JBI Assocs. Ltd.*, 667 A.2d 856, 859 (Me. 1995). Any order disqualifying an attorney must include "express findings of that ethical violation and resulting prejudice." *Morin*, 993 A.2d at 110.

*Id*.

Here, Plaintiff does not assert that counsel have committed or are committing an ethical violation. Rather, Plaintiff contends that with the information disclosed during the discovery process, as the case proceeds, upon payment of their fees, counsel would commit a violation as they are now aware that the defendants would have to use "tainted" funds to pay their attorney fees.

Even if some or all of the defendants engaged in the alleged money laundering, however, Plaintiff has not demonstrated that counsel will "necessarily" be paid with "tainted" funds. First, Plaintiff has not provided any evidence of and does not argue that Plaintiff has knowingly received "tainted" funds to this point. Second, Plaintiff has not

demonstrated that the defendants lack "untainted" resources to pay counsel. Finally, the record lacks any evidence to suggest counsel would knowingly commit an ethical violation and the Court cannot assume that counsel would do so in the future. Accordingly, regardless of the merits of Plaintiff's money laundering allegations against the defendants, Plaintiff's argument for disqualification fails.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to disqualify counsel.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of May, 2020.