UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:18-cv-00413-JAW |
| | ) |
| MATTHEW BELLEROSE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON DISCOVERY ISSUE**

The parties disagree whether Defendant Amanda Bellerose (Defendant) must produce in discovery the reservation-of-rights letter issued by her homeowners' insurance company, which is providing a defense to Defendant. The issue was generated in part by Defendant's assertion in her response to Plaintiff's motion for attachment that she has available insurance to satisfy any judgment. (Response at 3, ECF No. 198.)

**DISCUSSION**

Plaintiff contends that because a reservation-of-rights letter is intended to inform an insured that an insurance company might not be obligated to indemnify the insured on one or more of the claims asserted against the insured, the letter is relevant to whether insurance would be available to satisfy any judgment. Defendant maintains that she has produced copies of the relevant insurance policies and has thus complied with Federal Rule of Civil Procedure 26(a)(1)(A)(iv), which requires the disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).

Plaintiff's contention that production of the letter is necessary to assess whether insurance is available as contemplated by the rules governing the attachment process is not persuasive. The fact that a reservation-of-rights letter has been issued, a fact known to Plaintiff, might be relevant to the insurance availability. Plaintiff, for instance, can argue that the Court cannot reasonably conclude that insurance is available to satisfy a judgment given that a coverage issue has been asserted.

Plaintiff's argument, however, suggests that in the context of a motion for attachment, a court would assess the merits of the coverage issue identified in the reservation-of-rights letter. For several reasons, including that the insurance company is not a party to this action, the Court would not be inclined to address the merit of any coverage issue in the context of the motion for attachment. The issue would be whether under Maine Rules of Civil Procedure 4A and 4B,[1] Defendant has demonstrated the availability of insurance to satisfy any possible judgment where her insurer has informed her that under the terms of the applicable insurance policy, the insurer might not be required to indemnify her. While Plaintiff is entitled to know whether a reservation-of-rights letter has been issued, because the Court would likely not assess the merit of the coverage issue in its consideration of whether insurance is available, Plaintiff cannot prevail on its request

---

[1] Pursuant to Federal Rule of Civil Procedure 64 and Local Rule 64, the Court applies Maine law when presented with a motion for attachment and attachment on trustee process. To obtain an attachment, a plaintiff must demonstrate "that it is more likely than not that the plaintiff will recover judgment in an amount equal to or greater than the aggregate sum of the attachment and any insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment." M. R. Civ. P. 4A(c). The standard for an attachment on trustee process is similar. *See* M. R. Civ. P. 4B(c).

for the reservations-of-rights letter based on the motion for attachment and Defendant's response to the motion.

Whether the letter is subject to discovery is governed by the civil rules governing discovery. Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). As part of its initial disclosure under Rule 26(a)(1)(A)(iv), a party must produce "an insurance agreement" under which an insurer might be liable to satisfy the judgment. Rule 26(a)(1)(A)(iv) thus defines, at least in the first instance, the insurance-related information that is relevant. Notably, the Rule does not reference any insurance-related documents other than the insurance agreement. Furthermore, the Advisory Committee note states that the Rule "provides that liability *insurance policies* be made available for inspection and copying." Fed.R.Civ.P. 26 Advisory Committee note (1983 Amendments) (emphasis added). Indeed, other courts have relied upon the plain language of the Rule to conclude that other insurance-related documents, including reservation-of-rights letters, are not discoverable. *See Native American Arts, Inc. v. Bundy-Howard, Inc., et al.*, No. 01-C-1618, 2003 WL 1524649, at *2 (N.D. Ill. March 20, 2003) (plaintiff not entitled to reservation-of-rights letter; "entitled to nothing more than the disclosure of the insurance policies themselves"); *Southern Rehab. Network v. Sharpe*, No. 5:99CV353-BR, 2000 WL 33682699, at *4 (E.D. N.C. Jan. 14, 2000) (where insurer was defending under reservation of rights and where the policy was provided to plaintiff, series of letters regarding coverage not discoverable); *Excelsior College v. Frye*, 233 F.R.D. 583, 586 (S.D. Cal. Feb. 14, 2006)

(rule "merely requires the disclosure of an insurance policy or other agreement that gives rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment, and does not require the production of all agreements related to insurance.")[2]  If the drafters of the Rule had intended other insurance documents, including a reservation-of-rights letter, to be subject to discovery in every case, the drafters could have easily stated so. [3]

Although Rule 26(a)(1)(A)(iv) might not be the exclusive means by which a party could possibly obtain insurance-related information in discovery, a party would first have to establish that the information is relevant to a substantive claim or defense.  For example, in a direct claim against an insurer regarding a coverage dispute, a reservation-of-rights letter and other insurance-related documents would conceivably be relevant and discoverable. Here, Plaintiff has not demonstrated that the reservation-of-rights letter is relevant to its substantive causes of action or any defense asserted by Defendant.

## CONCLUSION

Based on the foregoing analysis, Defendant is not required to produce the reservation-of-rights letter.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2020.

---

[2] One court determined that a reservation-of-rights letter was within the scope of the work product privilege. *Midwest Feeders, Inc. v. Bank of Franklin*, No. 5:14cv78-DCB-MTP, 2016 WL 7422561, at *5 (S.D. Miss. June 28, 2016).

[3] For instance, Washington State Superior Court Civil Rule 26 provides that in addition to the insurance agreement, "documents affecting coverage (such as denying coverage, extending coverage, or reserving rights)" are discoverable. Wash. Super. Ct. Civ. R. 26(b).