UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:18-cv-00413-JAW |
| | ) |
| MATTHEW R. BELLEROSE, et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION
FOR SUBSEQUENT ORDER OF ATTACHMENT AND TRUSTEE PROCESS**

Plaintiff Sea Salt, LLC alleges that Defendants Matthew and Amanda Bellerose participated in a scheme to convert Plaintiff's product through unauthorized sales. At the inception of the action, in state court, Plaintiff secured an order of attachment, including attachment on trustee process, against Matthew, a member of Sea Salt, LLC, but not against Matthew's wife, Amanda, who was not then a party to the action.

Through the instant motion, Plaintiff seeks a "subsequent attachment … for cause shown" against Matthew and Amanda, pursuant to 14 M.R.S. § 4102. (Motion for Subsequent Attachment, ECF No. 178.) Plaintiff seeks an increase in the attachment against Matthew's property, from approximately $1.5 million to $4.5 million, citing the amount awarded in the recent entry of a final judgment by default against Defendant East End Transport, LLC. (Decision and Order, ECF No. 86 (applying the RICO statute's treble damage provision).) Plaintiff also seeks an attachment order against Amanda's property, for alleged money laundering as a type of unjust enrichment, in the total amount of

$600,000. Amanda Bellerose opposes the motion. (Def. Amanda Bellerose Opp'n, ECF No. 198.)[1]

Following a review of the relevant record and after consideration of the parties' arguments, the Court grants in part and denies in part the motion.

## Background Facts

As alleged by Plaintiff, Matthew Bellerose, a part owner of Plaintiff, conducted a fraudulent scheme through which he converted/embezzled a quantity of Plaintiff's lobster inventory. Based on affidavits submitted by Plaintiff, the state court granted Plaintiff's ex parte application for attachment and attachment by trustee process, in the amount of $1,496,427, against the property of Matthew Bellerose and East End Transport, LLC. (Ex Parte Order Approving Attachment and Attachment by Trustee Process, ECF No. 1-4.) The order did not authorize an attachment of Amanda's property. This is the first motion for attachment directed to Amanda's property. The operative pleading in this matter is Plaintiff's First Amended Complaint ("FAC," ECF No. 1-2), originally filed in state court.[2]

## Discussion

Pursuant to Federal Rule of Civil Procedure 64 and Local Rule 64, the Court applies Maine law when presented with a motion for an order of attachment, or a motion to dissolve an order of attachment. *See Hilton Sea, Inc. v. DMR Yachts, Inc.*, 750 F. Supp. 35, 36 (D.

---

[1] The motion for subsequent attachment also requests an attachment against Vincent Mastropasqua. However, on June 29, 2020, Plaintiff stipulated to the dismissal of Vincent Mastropasqua. (Stipulation of Dismissal, ECF No. 205). The motion as to Vincent Mastropasqua, therefore, is moot.

[2] Although Plaintiff moved to amend further its complaint in this Court (ECF No. 132), Plaintiff withdrew the motion (ECF No. 180).

Me. 1990). A motion for attachment must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." M. R. Civ. P. 4A(i), 4B(c). A plaintiff must show that it is more likely than not that it will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment or trustee process plus any insurance, bond or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. Me. R. Civ. P. 4A(c), 4B(c).

**A.    Matthew Bellerose**

Relying on the Court's recent award of a default judgment against East End Transport in the amount of 4.5 million dollars, Plaintiff asks the Court to increase the amount of the attachment on Matthew Bellerose's property from $1.5 million to $4.5 million because Matthew Bellerose, as principal of East End Transport, abused the corporate form to engage in fraudulent and illegal acts.

On May 13, 2020, prior to the filing of Plaintiff's motion for subsequent attachment, the Court granted a stay of this action as to Matthew Bellerose. (Order, ECF No. 186.) Perhaps due to the stay, Matthew Bellerose did not respond to the attachment motion. Plaintiff would have to establish, through motion, grounds to lift the stay before the Court would consider Plaintiff's request for an enhanced award of attachment against Matthew Bellerose's property.

To the extent Plaintiff seeks to renew the current order of attachment to attach through trustee process subsequently acquired property, the Court grants Plaintiff's request.

**B.     Amanda Bellerose**

Plaintiff asserts three claims against Amanda Bellerose: conversion, fraud, and unjust enrichment.  On the motion for attachment, although Plaintiff asserts that "[m]any of the parties …. are likely liable for fraud," Plaintiff makes no specific argument as to Amanda Bellerose. Instead, Plaintiff appears to rely on the benefit Amanda Bellerose allegedly derived from her husband's activity as a basis for liability. (Motion at 8 ("[T]he attached affidavits establish … Amanda's … ongoing participation in money laundering committed by her husband [such that she] knowingly participated in and benefited from [his] fraudulent scheme.").)

 "The necessary elements to establish a claim for conversion are a showing that (1) the person claiming that his or her property was converted has a property interest in the property; (2) the person had the right to possession at the time of the alleged conversion; and (3) the party with the right to possession made a demand for its return that was denied by the holder." *Barron v. Shapiro & Morley, LLC*, 2017 ME 51, ¶ 14, 157 A.3d 769, 773. "The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion." *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 82, 197 A.2d 506, 524 (1964).

Plaintiff alleges that Amanda knowingly benefited from her husband's unlawful activity. Plaintiff, however, asserts no facts to establish that Amanda Bellerose took

4

possession of Plaintiff's property (i.e., the lobsters) and failed to return the property upon Plaintiff's request. In fact, in its motion, while Plaintiff identified the elements of a conversion claim, Plaintiff did not cite any authority to support its contention that it can prevail on a conversion claim against Amanda Bellerose under the facts of this case. In short, Plaintiff has not demonstrated that it is likely to prevail on its conversion claim.[3]

To prevail on its unjust enrichment claim, Plaintiff "must establish that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *Tucci v. City Of Biddeford*, 2005 ME 7, ¶ 14, 864 A.2d 185, 189. Plaintiff did not discuss the elements of an unjust enrichment claim and thus did not assess its unjust enrichment claim. Notably, while Plaintiff has alleged that Amanda Bellerose derived a benefit from her husband's unlawful activity, Plaintiff has not asserted or otherwise demonstrated that Plaintiff conferred a benefit upon Amanda Bellerose. To the contrary, the essence of Plaintiff's claim is that Plaintiff did not "confer" the lobsters or the proceeds from the lobster sales upon Matthew and Amanda Bellerose, but rather that they unlawfully took

---

[3] While the Maine Law Court has on at least one occasion discussed the potential liability of a party who "aids and abets" another who converts property, the Court did not adopt or endorse such a theory; rather, the Court concluded that the facts in the case would not support such a claim in any event. *Lewiston Trust Co. v. Deveno*, 145 Me. 224, 226, 74 A.2d 457, 459 (1950). Because the Law Court evidently has not adopted such a theory and thus has not established the elements for such a claim, I do not assess whether Plaintiff could prevail on such a claim. Similarly, although the Restatement (Third) of Restitution and Unjust Enrichment (2011) provides: "A person who obtains a benefit by an act of trespass or conversion, by comparable interference with other protected interests in tangible property, or in consequence of such an act by another, is liable in restitution to the victim of the wrong" *Id.* § 40, Plaintiff has not argued and I am not aware that the Law Court has recognized a claim for restitution against a beneficiary of another's conversion of property. Accordingly, I have not assessed whether Plaintiff would be likely to prevail on such a claim.

possession of the lobsters or proceeds. (Motion at 3 ("Even if Plaintiff cannot prove fraud …, it is clear that [Defendants'] retention of funds stolen from Sea Salt would amount to unjust enrichment ….")). Plaintiff thus has not established that it is likely to prevail on its unjust enrichment claim.

In sum, while Plaintiff has demonstrated that it is more likely than not that Amanda Bellerose benefitted from her husband's alleged unlawful activity and that proceeds from the alleged unlawful sale of Plaintiff's product were comingled with Amanda Bellerose's funds or accounts in her name, Plaintiff has not demonstrated that it more likely than not will prevail on the claims asserted against Amanda Bellerose.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part Plaintiff's Motion for Subsequent Attachment. As to Defendant Matthew Bellerose, to the extent Plaintiff requests an extension or renewal of the original order of attachment and attachment on trustee process in the amount of $1,496,427, the Court grants Plaintiff's motion. The Court otherwise denies Plaintiff's motion.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 28th day of October, 2020.

/s/ John C. Nivison
U.S. Magistrate Judge