UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, | ) |
| Plaintiff | ) |
| | ) |
| v. | )     2:18-cv-00413-JAW |
| | ) |
| MATTHEW R. BELLEROSE, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
MOTIONS TO SET ASIDE DEFAULT**

Trustees PayPal, Inc. ("PayPal") and Coinbase, Inc. ("Coinbase") seek to set aside a default entered by the clerk in accordance with Federal Rule of Civil Procedure 55(a) and 14 M.R.S. § 2614 based on the Trustees' alleged failure to answer a trustee summons. (Motions, ECF Nos. 230, 232.)

Following a review of the record and after considering the parties' arguments, I recommend the Court grant the Trustees' motions and set aside the default.[1]

---

[1] Whether a magistrate judge has the authority to grant a motion to set aside a default appears to be somewhat uncertain. *Compare Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 74 (1st Cir. 2001) ("not clear whether the Rule 55(c) motion could be regarded as a 'pretrial' motion."); *Espinoza v. Ryan*, No. CV-17-3983-PHX-ROS (JFM), 2018 WL 8017179, at *1 (D. Ariz. Dec. 6, 2018) ("motion to set aside default is at least arguably dispositive, and thus outside the jurisdiction of the [] magistrate judge."); *Business Credit Leasing, Inc. v. City of Biddeford*, 770 F.Supp. 31, 32 n.1 (D. Me. 1991) (denial of motion to set aside default in effect dispositive of all defenses and thus magistrate judge decision treated as recommended decision), *with Johnson v. New York University*, 324 F.R.D. 65, 66 n.2 (S.D.N.Y. 2018) ("motion to set aside default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)"); *J&J Sports Productions, Inc. v. Martinez*, No. 1:11CV754, 2013 WL 2147790, at *1 n.2 (M.D.N.C. May 16, 2013); (decision to set aside default constitutes a pretrial matter that does not dispose of any claim or defense and thus the motion to set aside default is subject to disposition by magistrate judge). Given the uncertainty, I have issued a recommended decision.

## BACKGROUND

On August 3, 2018, prior to the removal of this case to this Court, the state court entered an order of attachment and attachment on trustee process in the amount of $1,496,427 against, among others, Defendants Matthew Bellerose and East End Transport, LLC. (Order, ECF No. 1-4.) On August 28, 2018, Plaintiff served trustee summonses on PayPal and Coinbase. *See* M.R. Civ. P. 4B(c); 14 M.R.S. § 2608. (Attachments, ECF Nos. 219-2, 219-6.) The summons, in relevant part, informed each Trustee that it was "required to file a written statement under oath WITHIN 20 DAYS from the day this summons was served on you indicating what property you have in your possession or control belonging to said Defendant(s). . . ." (*Id.*) The summons also contained an "IMPORTANT WARNING," which stated that if a trustee failed to file such a statement within twenty days, a trustee would "BE DEFAULTED AND ADJUDGED TRUSTEE TO THE EXTENT YOU HOLD GOODS, EFFECTS OR CREDITS OF THE PRINCIPAL DEFENDANT." (*Id.*)

In response to the summons, in a letter to Plaintiff dated September 4, 2018, PayPal stated that it "located several potential accounts, but based on the information available to [it], [it] cannot differentiate which belong to the party named." (Attachment, ECF No. 219-3.) PayPal requested from Plaintiff additional identifying information for the defendants named in the summons. (*Id.*) PayPal also filed the letter with the state court. (Docket at 4, ECF No. 5-1; *see* ECF 5-30.) On September 10, 2018, Plaintiff emailed PayPal and provided additional information, including the date of birth and address for Defendant Bellerose. (Attachment, ECF No. 219-4.) PayPal asserts that it has no record of receiving

Plaintiff's September 10 email. (Motion at 4, ECF No. 232; Affidavit of Chad Svagera ¶ 10, ECF No. 232-1.)

In a December 11, 2018, email, in response to the August 28 trustee summons, Coinbase stated that it had "either (1) been unable to identify any Coinbase customers matching the information provided in the Summons to Trustee, or (2) has identified such customer(s) and can confirm that any account held at Coinbase does not (and has never) had any cryptocurrency or dollar-value held in the account." (Email, ECF No. 219-7.) On February 8, 2019, in an email "following up" on the December 11 email, Coinbase wrote to Plaintiff "to confirm that Coinbase [was] officially closing this matter and no further action on [Coinbase's] part will be taken." (Attachment, ECF No. 230-3.)

On September 29, 2020, Plaintiff filed a motion for entry of default because "[n]either PayPal nor Coinbase responded to the trustee summonses in this action with a disclosure under oath" in accordance with Maine law.[2] (Motion at 5, ECF No. 219.) Plaintiff also requested a hearing as to both Trustees "on the issue of damages, including without limitation damages available to Plaintiff under 14 M.R.S. § 2701-2702." (*Id.*) On

---

[2] Plaintiff filed its motion for entry of default approximately two years after Plaintiff had served trustee summonses on PayPal and Coinbase in August 2018. (Motion, ECF No. 219; *see* ECF Nos. 219-2, 219-6.) On March 16, 2020, before it requested a default, Plaintiff filed a complaint in a companion case, *Sea Salt, LLC v. TD Bank, NA, et al., No. 2:20-cv-00099-JAW*, and obtained an additional order of attachment and attachment on trustee process on April 9, 2020. (Complaint, 2:20-cv-00099-JAW, ECF No. 1; Order, 2:20-cv-00099-JAW, ECF No. 7.) After serving trustee summonses in that case, Plaintiff filed a first amended complaint, which added PayPal and Coinbase as defendants and asserted claims—including a claim under 14 M.R.S. § 2614—against each entity related to their responses to both the 2018 and 2020 trustee summonses. (Complaint, 2:20-cv-00099-JAW, ECF No. 31.) In a motion for leave to file a second amended complaint on September 25, 2020, Plaintiff acknowledged that its claim arising under section 2614 "should be litigated in the underlying civil action" and stated that it intended to bring a motion for entry of default in this matter. (Motion ¶ 7, No. 2:20-cv-00099-JAW, ECF No. 78.)

October 19, 2020, the clerk entered a default against PayPal and Coinbase. (Order, ECF No. 231.)

## DISCUSSION

**A.     Parties' Arguments**

    **1.     Trustees' Motions to Set Aside Default**

Coinbase argues that the default should be set aside because it "was in communication with Plaintiff and, based on Plaintiff's silence, believed that no further action was required by Coinbase." (Motion at 4.) Coinbase asserts that both its December 12, 2018, email and its February 8, 2019, email "were met with silence" and that the silence "gave Coinbase every reason to believe that no further response by Coinbase was requested or required." (*Id.* at 5-6.) Coinbase also argues that it has presented a "meritorious defense" because it had informed Plaintiff in December 2018 that "the value in the [Bellerose] Account on August 28, 2018 was $0.00." (*Id.* at 4-5.) Coinbase maintains that Plaintiff "has not been prejudiced by any delay by Coinbase" and that any delay on its part "is dwarfed by Plaintiff's own delay in waiting over two years to file" its motion for entry of default. (*Id.* at 8-9.)

PayPal contends that it "responded to the Trustee Summons in good faith by seeking additional information in order to act on the Trustee Summons with reasonable certainty" and that it "had no knowledge or record of receiving" Plaintiff's September 10, 2018, email. (Motion at 8.) PayPal argues that its actions in response to the 2018 trustee summons demonstrate that its default was not willful. (*Id.*) PayPal also contends that its timely actions in responding to Plaintiff's motion for entry of default—including its

appearance in this matter, participation in a status conference, and filing of the motion to set aside default—demonstrate that it has acted in good faith. (*Id.* at 8-9.)

### 2. Plaintiff's Opposition to Motions to Set Aside Default

Plaintiff contends that both Trustees have failed to demonstrate "good cause" to set aside the default. (Opposition at 1, 7, ECF No. 248.) Plaintiff argues that the Coinbase's failure to make timely disclosures in this case and the related litigation, *Sea Salt, LLC v. TD Bank, NA, et al.*, No. 2:20-cv-00099-JAW, and its failure to respond to a subpoena demonstrate that Coinbase's default was willful. (*Id.* at 5-6.) Plaintiff further argues that it would be prejudiced if the default as to Coinbase was set aside because Plaintiff "is entitled to the statutory remedies set forth in 14 M.R.S. §§ 2614 and 2702." (*Id.* at 6.) Plaintiff also contends that it "has acted in good faith" and that Coinbase has "failed to articulate any legitimate defense." (*Id.*) Although Plaintiff "concedes that it will not be entitled to money damages under [14 M.R.S. §] 2614 if no funds were held in the account when the trustee summons was served on August 28, 2018," Plaintiff requests that the Court leave the default in place to permit Plaintiff to conduct discovery and pursue remedies pursuant to 14 M.R.S. §§ 2701-2702. (*Id.* at 6-7.)

As to PayPal, Plaintiff does "not dispute that PayPal wrote to Plaintiff's counsel on or about September 4, 2018," but argues that the September 4 letter "did not discharge PayPal's legal duty to provide a disclosure under oath pursuant to Section 2614 and M.R. Civ. P. 4B(b)." (*Id.* at 7.) Plaintiff contends that "PayPal's claim that it never received Plaintiff's [September 10, 2018] email response falls short of meeting its burden to prove good cause that would justify setting aside the default." (*Id.* at 9.) Plaintiff also argues

that the "history of this case," including PayPal's response to a 2019 subpoena, "reveals that PayPal was perfectly capable of identifying the primary account used by" the defendants in this matter. (*Id.* at 8-9.) Further, Plaintiff asserts that PayPal cannot present a meritorious defense because it has failed to file a timely disclosure pursuant to 14 M.R.S. § 2614. (*Id.*) Plaintiff requests that the default remain in place and that the Court permit additional discovery related to PayPal's response to the trustee summons. (*Id.* at 9-10.)

### 3. Trustees' Replies to Plaintiff's Opposition

Coinbase contends that it "had no motive to willfully delay any response," arguing that it informed Plaintiff in the December 2018 email that it "was unable to identify any customers matching the information provided in the 2018 trustee summons who had any value in their accounts." (Reply at 2-3, ECF No. 252.) Because it did not receive a response from Plaintiff, Coinbase argues, it "reasonably inferred that the matter was closed." (*Id.*) Coinbase further argues that Plaintiff's prejudice in this matter is "belied by the fact that [Plaintiff] was content to wait more than a year before even requesting entry of default." (*Id.* at 3.)

PayPal maintains that it has established good cause to set aside the default, arguing that it had responded to Plaintiff's trustee summons by requesting additional identifying information and that Plaintiff "never submitted any follow-up to PayPal, nor did Plaintiff seek a timely entry of default against PayPal" following the September 10, 2018 email. (Reply at 2, ECF No. 251.) PayPal also challenges Plaintiff's characterization of PayPal's response to the 2019 subpoena, noting that its production of documents "required

Plaintiff's counsel to provide specific identifying information for PayPal to locate and produce the relevant records." (*Id.* at 3-4.)

**B.     Legal Standard**

Under Maine law, a trustee disclosure is a pleading.  M.R. Civ. P. 7(a); *see* M.R. Civ. 4B.  "[W]hen a person summoned as trustee neglects to appear and answer to the action, the trustee must be defaulted and adjudged trustee to the extent that such a person holds goods, effects or credits of the principal defendant otherwise available to satisfy the unsatisfied portion of final judgment." 14 M.R.S. § 2614.

An entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists, a court considers:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default].

*KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (quoting *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 503 (1st Cir. 1996)).  "[T]he burden of demonstrating good cause lies with the party seeking to set aside the default." *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010).

For the reasons discussed below, the factors militate in favor of setting aside the default.[3]

---

[3] In addition to their arguments related to setting aside the default, the Trustees also opposed the entry of the default. In effect, both PayPal and Coinbase contend that, for purposes of 14 M.R.S. § 2614, they appeared in this matter when they responded to Plaintiff's August 28, 2018 trustee summons. (Motion at 5-8, ECF No. 230; Motion at 5-6, ECF No. 232.)  However, because a default has been entered and because

### 1. Justification for the Default

First, the Court cannot conclude on this record that the Trustees' defaults were willful. *See Lucerne Farms v. Bailing Techs., Inc.*, 208 F.R.D. 463, 466 (D. Me. 2002) (viewing "a default as 'willful' where it shows contempt for the court's procedures or an effort to evade the court's authority" (citations omitted)). Furthermore, the Court finds credible the Trustees' explanations for the default and finds that they have acted in good faith.

As to PayPal, the record shows that on September 4, 2018, PayPal responded to Plaintiff's August 28, 2018, trustee summons and requested additional identifying information regarding the defendants named in the summons. (Attachments, ECF Nos. 219-2, 219-3; *see* ECF No. 5-30.) Such an action is in accordance with Maine law. *See* 14 M.R.S. § 2603 (describing the effect of service on a trustee "if process describing the principal defendant with reasonable certainty is received at a time and in a manner that affords the trustee a reasonable opportunity to act on it"). Although the parties dispute whether PayPal received Plaintiff's follow-up email dated September 10, 2018 (Attachment, ECF No. 219-4; Motion at 4), except for a subpoena served on PayPal in October 2019 (ECF No. 251-1), the parties had no further communication between Plaintiff and PayPal regarding the 2018 trustee summons until the filing of Plaintiff's motion for entry of default on September 29, 2020.[4]

---

the Trustees' motions to set aside the default have merit, the Court need not determine whether Trustees' written communications with Plaintiff constituted an appearance or an answer to the 2018 trustee summons.

[4] In the companion case, *Sea Salt, LLC v. TD Bank, NA, et al.*, No. 2:20-cv-00099-JAW, PayPal continued to communicate with Plaintiff following Plaintiff's service of a 2020 trustee summons on PayPal and Plaintiff's subsequent filing of an amended complaint asserting claims against PayPal.

Similarly, Coinbase emailed Plaintiff in response to the August 28 trustee summons on December 11, 2018.  (ECF No. 219-7.)  Coinbase stated that it had "either (1) been unable to identify any Coinbase customers matching the information provided in the Summons to Trustee, or (2) has identified such customer(s) and can confirm that any account held at Coinbase does not (and has never) had any cryptocurrency or dollar-value held in the account."  (Attachment, ECF No. 219-7.)  On February 8, 2019, Coinbase again emailed Plaintiff regarding the 2018 trustee summons.  (ECF No. 230-3.)  The record does not show that Plaintiff responded to either of Coinbase's emails.

The record thus establishes that although neither Trustee filed a sworn disclosure under oath within twenty days of service of the August 2018 trustee summons, *see* M.R. Civ. P. 4B(e); 14 M.R.S. § 2608, PayPal and Coinbase did not ignore the summons, but communicated with Plaintiff regarding the 2018 trustee summons prior to Plaintiff's motion for entry of default and each Trustee otherwise maintained communication throughout this matter.  *See Shaw v. 500516 N.B. Ltd.*, 668 F. Supp. 2d 237, 246 (D. Me. 2009) (setting aside a default because, in part, a defaulted party's actions were "more in-line with instances of carelessness than willful disobedience"); *Snyder v. Talbot*, 836 F. Supp. 26, 29 (D. Me. 1993) (determining a default was not willful where a party "remained in communication with the Court and responded at various points in the litigation").  In short, neither default is the product of the Trustees' willful disregard of the court process or their obligations as a trustee.

### 2. Meritorious Defense

To demonstrate a meritorious defense, "a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989); *see Indigo Am., Inc.*, 597 F.3d at 4 ("Establishing the existence of a meritorious defense is not a particularly arduous task."). This aspect of the good cause test "does not go so far as to require that the movant demonstrate a likelihood of success on the merits." *Id.* While a "defense" to a trustee summons might be difficult to assess, if a potential trustee cannot identify any accounts for or assets of the subject of the summons and communicates with the serving party regarding the summons – either requesting or providing information – the potential trustee's liability under the governing law is at least debatable.

The record demonstrates that PayPal concluded it was unable to identify potential accounts of the defendants named in the 2018 trustee summons and had then requested additional information from Plaintiff. *See* 14 M.R.S. § 2603 (requiring "reasonable certainty" in describing defendants in a trustee summons). (Attachments, ECF No. 219-3.) Coinbase, likewise, has demonstrated, both in its prior emails and its more recent trustee disclosure, that it has been unable to identify accounts related to the named defendants or that the value of such accounts exceeded $0 at the time of service of the August 28, 2018, trustee summons. (Attachment, ECF Nos. 219-7, 230-3; Disclosure, ECF No. 228.) The Trustees' responses thus "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Coon*, 867 F.2d at 77.

### 3.     Prejudice to Plaintiff

"[I]n the context of a Rule 55(c) motion, delay in and of itself does not constitute prejudice." *KPS & Assocs.*, 318 F.3d at 15; *see Harnden v. York Ins. Co.*, No. 1:18-CV-00013-LEW, 2019 U.S. Dist. LEXIS 18915, at *8 (D. Me. Feb. 6, 2019) ("It is well established that prejudice cannot be inferred merely from the passage of time." (internal quotation marks omitted)). "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *KPS & Assocs.*, 318 F.3d at 15 (quoting *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989); *see Lucerne Farms*, 208 F.R.D. at 467 (requiring a plaintiff's prejudice to show "some further disadvantage such as the death of a witness or unavailability of evidence").

Plaintiff contends that it would be prejudiced by setting aside the default because Plaintiff "is entitled to the statutory remedies" under Maine law.  *See* 14 M.R.S. §§ 2614, 2701-02. (Opposition at 6-7, 9, ECF No. 248.)  Section 2614 provides that a trustee who "neglects to appear and answer to the action . . . must be defaulted and adjudged trustee *to the extent that such a person holds goods, effects or credits of the principal defendant*. . . ." 14 M.R.S. § 2614 (emphasis added).  Coinbase, if adjudged trustee, has asserted that it holds no "goods, effects or credits" of the defendants named in the August 2018 trustee summons.  (Attachment, ECF Nos. 219-7, 230-3; Disclosure, ECF No. 228.)  PayPal, on the other hand, has not demonstrated yet to what extent it held money, if any, in the accounts belonging to the named defendants due, in part, to its inability to identify with

certainty any such accounts belonging to those defendants. ((Motion at 8, ECF No. 232; Attachment, ECF No. 219-3.)

The record simply does not support a finding that PayPal's delay in filing a disclosure has prejudiced Plaintiff through "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *KPS & Assocs.*, 318 F.3d at 15. Moreover, when considering any prejudice to Plaintiff, the Court cannot overlook Plaintiff's own delay in bringing a motion for default judgment two years after service of the August 2018 trustee summons. *See, e.g.*, *Coon*, 867 F.2d at 77 (setting aside default where a plaintiff, in part, "waited for over [one] full year between effecting substituted service and requesting entry of default"); *Spruce v. Jackson*, No. CV-01-128, 2004 Me. Super. LEXIS 64 **4-5 (Mar. 19, 2004) (setting aside default in a trustee process action due, in part, to plaintiff's two-year delay).

Further, to the extent that Plaintiff seeks to maintain the default to seek a remedy pursuant to 14 M.R.S. § 2701 (*see* Motion at 5, ECF No. 219; Opposition, Opposition at 6-7, 9-10, ECF No. 248), Plaintiff is not foreclosed from seeking such a remedy by the removal of the default.[5]

---

[5] While the case in which and the process by which Plaintiff can or should seek the remedy is somewhat uncertain, the Court recently granted, in the companion case, Plaintiff's request to assert a claim arising under section 2701. *See Sea Salt, LLC v. TD Bank, NA*, No. 2:20-cv-00099-JAW, 2020 U.S. Dist. LEXIS 232374, ** 21-22, 31 n.10 (Dec. 10, 2020). Plaintiff's claim in that matter seeks to recover costs from PayPal and Coinbase directly related to their failure to file a timely disclosure in response to the 2018 trustee summons. *Id.* at ** 21-22.

### 4. Timing of Motions to Set Aside Default

Lastly, the timing of the motions to set aside default weighs in favor of the Trustees. "[G]enerally, courts have refused to set aside defaults only when the period of delay was in terms of months, not days or weeks." *Shaw*, 668 F. Supp. 2d at 249.

Plaintiff filed its motion for entry of default on September 29, 2020. (Motion, ECF No 219.) Counsel for PayPal and Coinbase filed notices of appearance days later. (ECF Nos. 221, 224-225.) Coinbase then filed its motion to set aside default on October 16, 2020, before the clerk had entered a default, and PayPal filed its motion on October 20, 2020, one day after the entry of default. (ECF Nos. 230, 231, 232.) Trustees, therefore, promptly moved to set aside the default. *See id.* (concluding that a two-and-a-half-week delay in filing a motion to set aside default was "minimal and sufficiently timely").

### CONCLUSION

Based on the foregoing analysis, I conclude that PayPal and Coinbase have demonstrated good cause for the removal of the default. Accordingly, I recommend the Court grant the Trustees' motions to set aside the default and vacate the order of default.

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 28th day of December, 2020.

/s/ John C. Nivison
U.S. Magistrate Judge