UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SEA SALT, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:18-cv-00413-JAW |
| MATTHEW R. BELLEROSE, et al., | ) ) ) | |
| Defendants. | ) | |
| SEA SALT, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:20-cv-00099-JAW |
| TD Bank, N.A., et. al., | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO CONSOLIDATE**

The plaintiff moves to consolidate two cases stemming from the same underlying fraudulent scheme pursuant to Federal Rule of Civil Procedure 42. Because the cases involve common questions of law or fact and the benefits of consolidation outweigh any costs, the Court concludes it is appropriate to consolidate the cases. The Court therefore grants the plaintiff's motions.

I.  **BACKGROUND**[1]

A.  **Overview of the Fraud**[2]

In the summer of 2017, Sea Salt, LLC hired a forensic accounting firm to investigate an unexplained and substantial loss of product for the year 2016 in the amount of 100,000 pounds of lobster. Sea Salt estimated that loss to be worth approximately $450,000 to $600,000 based on a price per pound estimate of $4.50 to $5.95. The forensic accounting firm determined that this missing product was the result of theft. These losses continued until at least June 2018.

Based on the evidence, the cause of these losses, as it turned out, was indeed theft. An employee of Sea Salt would ship inventory to a company called "Mastro's" but would not invoice Mastro's for most of the product. The amount of this loss between January 1, 2017 and June 2018 totaled at least $1,496,427.67. This employee and his associates would then resell the stolen lobster at below market price. The profits from this fraudulent venture were deposited in accounts under the names "East End Transport" and "East End." East End is a Limited Liability Company organized and located in Maine.

B.  **The Two Cases**

Sea Salt currently has two cases pending before this Court arising out of the fraudulent scheme: the "2018 litigation" and the "2020 litigation."

---

[1] The Court recounts the background only as relevant to the present motions to consolidate.
[2] The Court first presented this overview of the facts underlying Sea Salt's claims in its August 27, 2019 order on Sea Salt's motion for default judgment as to East End Transport, LLC. *Decision and Order* at 5-6 (ECF No. 86) (internal citations to record omitted).

1.  *Sea Salt, LLC v. Matthew R. Bellerose*, 2:18-cv-00413-JAW

On October 3, 2018, Sea Salt, LLC filed its First Amended Complaint in the state of Maine Superior Court, York County, against six defendants—Matthew Bellerose, Amanda Bellerose, Vincent Mastropasqua, Anthony Mastropasqua,[3] East End Transport, LLC,[4] and United Parcel Service, Inc. (UPS)[5]—alleging fraud, embezzlement, money laundering, and civil RICO violations stemming from the alleged embezzlement of nearly $1.5 million in live lobster product from Sea Salt. *Def. Vincent Mastropasqua's Notice of Removal*, Attach. 2, *First Am. Compl. and Demand for Jury Trial* (ECF No. 1) (*First Am. Compl.*).  On October 5, 2018, the case was removed to this Court.  *Def. Vincent Mastropasqua's Notice of Removal* (ECF No. 1).

On May 13, 2020, in light of Fifth Amendment self-incrimination concerns, Magistrate Judge Nivison stayed the proceedings against Matthew Bellerose.  *Order on Mot. to Stay* (ECF No. 186).  The 2018 litigation remains stayed against Mr. Bellerose.

---

[3] On June 29, 2020, Sea Salt, Vincent J. Mastropasqua, and Anthony J. Mastropasqua filed a Stipulation of Dismissal, dismissing Sea Salt's claims against them. *Stipulation of Dismissal* (ECF No. 205).

[4] East End failed to answer or otherwise defend the *Bellerose* lawsuit and on April 17, 2019, Sea Salt moved for entry of default.  *Pl.'s Mot. for Entry of Default* (ECF No. 46).  The Clerk of Court entered judgment against East End the same day.  *Order Granting Mot. for Entry of Default* (ECF No. 47).  On August 27, 2019, after an evidentiary hearing, the Court issued a decision and order on a motion for default judgment against East End in the amount of $4,500,000.  *Pl.'s Mot. for Entry of Default J.* (ECF No. 41); *Decision and Order* (ECF No. 86).  The Clerk entered default judgment against East End on August 28, 2019.  *Default J.* (ECF No. 87).  On August 29, 2019, Sea Salt filed a motion for an award of attorney's fees against East End.  *Pl.'s Mot. for Att'y's Fees* (ECF No. 88).  On October 3, 2019, the Court granted the motion for award of attorney's fees in the amount of $22,330.88.  *Order on Pl.'s Mot. for Att'y's Fees* (ECF No. 89).

[5] On February 4, 2019, the Court granted UPS' motion to compel arbitration and dismissed without prejudice Sea Salt's lawsuit against UPS.  *Order on Mot. to Compel Arbitration and to Dismiss* (ECF No. 36).

On September 29, 2020, Sea Salt moved for entry of default against PayPal, Inc. and Coinbase, Inc., claiming that "[n]either PayPal nor Coinbase responded to the trustee summonses in this action with a disclosure under oath as required by M.R. Civ. P. 4B(e) and 14 M.R.S. § 2614, 2701 and 2706," *Pl.'s Mot. for Entry of Default Against Trustees PayPal, Inc. and Coinbase, Inc.* at 5 (ECF No. 219), and on October 19, 2020, the Clerk of Court entered a default against PayPal and Coinbase. *Order Granting Mot. for Entry of Default* (ECF No. 231). On February 3, 2021, the Court set aside the Clerk's entry of default. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 266).

On November 4, 2020, Amanda Bellerose filed a Pre-Filing Conference Memorandum pursuant to Local Rule 56(h), informing the Court that she will seek summary judgment. *Def. Amanda Bellerose's Local Rule 56(h) Pre-Filing Conference Mem.* (ECF No. 243). On April 12, 2021, Magistrate Judge Nivison conducted the Rule 56(h) conference and set the briefing schedule for Ms. Bellerose's summary judgment motion. *Report of Pre-Filing Conference under Local Rule 56(h)* (ECF No. 276). Discovery as to Ms. Bellerose is now complete.[6]

---

[6] The discovery deadline in this case was February 4, 2020. *See Order on Mot. to Amend Scheduling Order* (ECF No. 105). On January 29, 2020, the Magistrate Judge issued an order staying all discovery in this case. *Procedural Order* at 1 (ECF No. 114). On October 26, 2020, Ms. Bellerose moved to be allowed to depose two witnesses. *Def. Amanda Bellerose's Mot. for Leave to Conduct Deps.* (ECF No. 238). On November 4, 2020, the Magistrate Judge granted the motion to depose two witnesses but did not allow a general reopening of discovery for forty-five days as Sea Salt requested. *Order* (ECF No. 242). The Magistrate Judge, however, allowed Sea Salt to file a motion with specific discovery requests. *Id.* On November 12, 2020, Sea Salt filed a motion to conduct discovery. *Pl.'s Mot. to Conduct Disc.* at 1-4 (ECF No. 245). The Magistrate Judge granted the motion and established a discovery deadline of February 1, 2021. *Order* (ECF No. 249). This February 1, 2021 deadline has not been extended.

### 2.     *Sea Salt, LLC v. TD Bank, N.A.*, 2:20-cv-00099-JAW

On March 1, 2021, Sea Salt filed a Second Amended Complaint against six defendants—PayPal, Inc., Coinbase, Inc., Bellerose Investment Group, LLC (BIG),[7] Cory Poulin, Platinum Pawn & Loan, and Constance Bellerose. *Sea Salt, LLC v. TD Bank, N.A.* (*TD Bank*), No. 2:20-cv-00099-JAW, *Pl.'s Second Am. Compl. and Demand for Jury Trial* (ECF No. 118). Sea Salt alleges that PayPal and Coinbase violated Maine's Trustee Process Law, 14 M.R.S. § 2701, for failure to disclose assets and accounts belonging to Matthew Bellerose and/or East End. *Id.* ¶ 2(A). As to the other defendants, Sea Salt alleges fraudulent transfer, conversion, and civil RICO claims. *Id.* ¶¶ 2(B)-(E). The case has been the subject of intensive motion practice, but the Court has not yet issued a scheduling order.

### C.     **Motions to Consolidate**

On March 5, 2021, Sea Salt moved in both cases to consolidate the two cases—the 2018 litigation and the 2020 litigation—pursuant to Federal Rule of Civil Procedure 42. *Pl.'s Mot. to Consolidate* (ECF No. 268) (*Pl.'s Mot.*); *TD Bank*, *Pl.'s Mot. to Consolidate* (ECF No. 120) (*Pl.'s Mot. in 2020 Litigation*). The motion in the 2018 litigation essentially adopts the motion in the 2020 litigation and for convenience, the

---

[7]     On August 3, 2020, Sea Salt moved for entry of default against BIG and for a hearing on its request for default judgment against BIG. *Pl.'s Mot. for Entry of Default Against Def. Bellerose Investment Group, LLC and Req. for Hr'g on Rule 55(b)(2) Mot. for Default J.* (ECF No. 50). On August 4, 2020, the Clerk entered a default against BIG. *Order Granting Mot. for Entry of Default* (ECF No. 52). On August 6, 2020, the Court granted Sea Salt's request for a hearing on the motion for default judgment; however, due to the COVID-19 pandemic, as the Court was not holding evidentiary hearings inside the courthouse, it ordered the Clerk's Office to schedule an evidentiary hearing on the motion for default judgment as soon as possible once the District recommences evidentiary hearings within the courthouse. *Order* (ECF No. 54). The damages hearing took place on March 15, 2021. *Min. Entry* (ECF No. 125). Sea Salt filed its renewed motion for default judgment on April 12, 2021. *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* (ECF No. 134).

5

Court refers to the motion in the 2020 litigation in discussing both motions. *Compare Pl.'s Mot.*; *with Pl.'s Mot. in 2020 Litigation*. On March 26, 2021, Amanda Bellerose responded in opposition. *Def. Amanda Bellerose's Opp'n to Pl.'s Mot. to Consolidate* (ECF No. 269) (*Amanda Bellerose's Opp'n*). Sea Salt replied to Ms. Bellerose's opposition on April 9, 2021. *Pl.'s Reply Mem. in Supp. of Mot. to Consolidate* (ECF No. 274) (*Pl.'s Reply*). Only Ms. Bellerose opposed Sea Salt's motion in the 2018 litigation. No party in the 2020 litigation opposed the motion for consolidation in that case.

## II.   PARTIES' POSITIONS

### A.   Sea Salt's Motions

Sea Salt "moves pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate this action" with the 2020 litigation. *Pl.'s Mot.* at 1. For support, Sea Salt relies on the motion to consolidate it filed in the 2020 litigation. *Id*.

Sea Salt argues that "none of the parties . . . will be prejudiced by consolidation." *Pl.'s Mot. in 2020 Litigation* at 4. Rather, it contends "judicial economy and fairness to the parties will be advanced by consolidation because [Sea Salt] is in the process of preparing a Motion for Disclosure Hearing in the 2018 litigation." *Id*. It claims that motion "will include a request for each of the Defendants in the . . . 2020 litigation to disclose any assets that they have in their possession belonging to East End Transport." *Id*. Sea Salt further argues that it plans to file a 14 M.R.S. § 2614 motion, charging PayPal in the 2018 litigation, but its § 2614 motion as to Coinbase should be brought in the 2020 litigation. *Id*. at 3. It

6

claims that "[b]ecause the legal issues to be briefed in each motion will necessarily overlap, judicial economy will be promoted by combining and consolidating the motions." *Id.*

Regarding Amanda Bellerose, Sea Salt states that "discovery has nearly wrapped up" and claims that "[g]iven the length of time that it will take for [her summary judgment] motion to be briefed and decided, having this case consolidated with the 2018 litigation will not unduly prejudice" her. *Id.* at 5. Sea Salt contends its § 2614 motions as to PayPal and Coinbase "can proceed at the same time Mrs. Bellerose's motion is pending, and she will not need to participate in the briefing of any issues related to the Trustees." *Id.* "Assuming summary judgment is not granted in favor of Mrs. Bellerose," Sea Salt argues that "this case should be tried only once, to one jury, with all of the facts alleged against the parties decided at the same time to avoid inconsistent verdicts." *Id.* Furthermore, Sea Salt's "Motion for a Disclosure Hearing will also ask for an order requiring Amanda Bellerose to hold and answer pursuant to 14 M.R.S. § 3127-A," which may resolve the claims against her. *Id.* at 6.

### B.  Amanda Bellerose's Opposition

Ms. Bellerose cites *Peter Condakes Co., Inc. v. Sandler Bros.*, No. 09-cv-168-P-S, 2009 U.S. Dist. LEXIS 66762 (D. Me. July 29, 2009), and argues that consolidation is inappropriate because "the parties are different, the causes of action before the Court are different, and the discovery process is at a significantly different

7

stage when compared to the 2020 litigation." *Amanda Bellerose's Opp'n* at 4. She puts forth four specific arguments.

First, Ms. Bellerose argues that "while there may be threads of similarities between the two matters, each presents different parties," including Ms. Bellerose, who is not a party to the 2020 litigation. *Id.* Second, she contends "the causes of action before the court in the present litigation differ from those in the 2020 litigation." *Id.* Third, she asserts "the procedural posture in the 2020 litigation and present matter are at two significantly different stages." *Id.* For example, discovery has been completed in the 2018 litigation but has not even begun in the 2020 litigation. *Id.* She claims she would be prejudiced by consolidation, which would require "a new scheduling order to issue, and certainly new rounds of written discovery and deposition," requiring her to "start[] the litigation process from the beginning after already litigating this matter for over two years." *Id.* at 5. Finally, she argues that Sea Salt's intended motion for a disclosure hearing is not yet filed and therefore "basing a determination of consolidation on this theoretical is inappropriate." *Id.*

### C. Sea Salt's Reply

Sea Salt replies to Ms. Bellerose's opposition, arguing that "[t]remendous overlap exists between this 2018 litigation and [the 2020 litigation], inexorably intertwining the claims against trustees, fraudulent LLCs, and the upcoming motions for a disclosure hearing that will implicate multiple Defendants in both actions." *Pl.'s Reply* at 1. It asserts that "[f]rom a judicial economy standpoint, it makes sense to

conduct one disclosure proceeding after default judgment against [BIG] has been entered, combining that hearing with one for the judgment against East End Transport, LLC." *Id.* at 2. In fact, it claims Ms. Bellerose "would benefit from consolidation rather than two separate orders to hold and answer, and two separate disclosure proceedings." *Id.* at 3. It also claims that Ms. Bellerose's alleged fraud extends into the 2020 litigation because "she was paid cash from BIG" and thus for her "own protection, she should ***want to*** monitor and stay informed about the facts raised in the 2020 litigation." *Id.* at 2 (emphasis in original). Sea Salt distinguishes *Peter Condakes Co.* by claiming that case involved two separate cases that would not ultimately be heard by the same factfinder, while in the instant case, both the 2018 and 2020 litigation "should be heard by the same jury because they both involve the same RICO criminal enterprise." *Id.* Finally, Sea Salt argues that "the timing of the summary judgment process and the impending discovery phase in the 2020 litigation coincides perfectly." *Id.* at 3. Assuming that Ms. Bellerose is not absolved of liability, "these cases should be tried to one jury at the same time." *Id.*

### III. DISCUSSION

A Court may consolidate two actions if they "involve a common question of law or fact." FED. R. CIV. P. 42(a). Consolidation is best understood "not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). The First Circuit employs a two-part framework for determining consolidation. *Seguro de*

9

*Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Id.* (emphasis in original). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*; *see United States v. Charter Int'l Oil Co.*, 83 F.3d 510, 516 n.7 (1st Cir. 1996) ("District courts may find . . . consolidation useful, if the cases so warrant, to expedite and clarify matters. But they are not required to do so"). "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id.*

Sea Salt argues that "judicial economy and fairness to the parties will be advanced by consolidation" because of its impending "Motion for Disclosure Hearing" and contends the "case should be tried only once, to one jury, with all of the facts alleged against the parties decided at the same time to avoid inconsistent verdicts." *Pl.'s Mot. in 2020 Litigation* at 4-5. Ms. Bellerose counters, arguing that "parties are different, the claims are different, and the procedural posture in each matter is at significantly different stages." *Amanda Bellerose's Opp'n* at 5.

This case plainly involves common parties and common issues of fact or law. While the underlying fraudulent scheme involved multiple individuals and companies, the claims in both cases stem from Matthew Bellerose's fraudulent scheme to embezzle lobster from Sea Salt. Sea Salt has alleged an overarching civil RICO conspiracy connecting the parties in both cases to Mr. Bellerose's scheme. For her part, Ms. Bellerose allegedly knew of her husband's scheme and consciously

10

disregarded it, profiting from her husband's fraud. *First Am. Compl.* ¶¶ 54-84. Ms. Bellerose may not be a defendant in the 2020 litigation but her alleged actions are directly related to the facts and law at issue in that case.

Ms. Bellerose points to Judge Singal's opinion denying a motion to consolidate in *Peter Condakes Co., Inc. v. Sandler Bros.*, No. 09-cv-168-P-S, 2009 U.S. Dist. LEXIS 66762 (D. Me. July 29, 2009). Unlike *Peter Condakes Co.*, however, Sea Salt demanded a jury trial in both cases. Thus, this is not a case where two different factfinders are involved. In fact, judicial economy would benefit from having both cases tried before the same jury.

Ms. Bellerose is correct that in *Peter Condakes Co.*, the judge denied the motion to consolidate in part because the discovery process had proceeded further in one case than the other and, in fact, a scheduling order had not yet issued in one case. It is true that discovery as to Ms. Bellerose is complete in the 2018 litigation while discovery has yet to begin in the 2020 litigation. Ms. Bellerose fears that if the Court orders consolidation, a new scheduling order will issue and "certainly" new rounds of written discovery and depositions will be needed, requiring Ms. Bellerose to restart the litigation process. *Amanda Bellerose's Opp'n* at 5.

Although the Court understands Ms. Bellerose's concern, the Court views the discovery issue as manageable in the context of these cases. Here, the Magistrate Judge just issued the Report of Pre-Filing Conference under Local Rule 56(h) and set the following deadlines for the disposition of Ms. Bellerose's proposed motion for summary judgment: (1) April 30, 2021: Ms. Bellerose's summary judgment motion

11

deadline; (2) May 28, 2021: Sea Salt's opposition; and (3) June 18, 2021: Ms. Bellerose's reply. *Report of Pre-Filing Conference under Local Rule 56(h)* (ECF No. 276). Thus, under the April 12, 2021 order, Ms. Bellerose's motion for summary judgment will not be ready for decision until June 18, 2021 at the earliest and there is no specific timetable for issuance of a decision on her motion for summary judgment. Therefore the 2018 litigation is not ready to go to trial.

Moreover, even though a scheduling order has not issued in the 2020 litigation due to the intensive motion practice, whatever delay results from consolidation will be counterbalanced by the efficiencies of having similar claims resolved in one consolidated case, rather than in piecemeal basis on independent tracks. The cases here involve common questions of law or fact. While some of the parties and claims are different, both actions allege a civil RICO conspiracy stemming from the same fraudulent scheme. Sea Salt has stated its intent to move for a disclosure hearing, and it would be more economical to hold one hearing and issue one order as opposed to two or more. In the event Ms. Bellerose ultimately proceeds to trial, both cases have the same factual basis and may involve the same witnesses and exhibits, and would thus benefit from being tried together. In addition, consolidation would reduce the risk of inconsistent verdicts, should the matter go to trial. Furthermore, while Ms. Bellerose is not a party to both actions, PayPal and Coinbase are, and consolidation would streamline the proceedings as to them. In sum, the Court concludes the benefits of consolidation outweigh any costs.

Finally, this Court has "considerable discretion" in case management. *United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1090 (1st Cir. 1994) (quoting *Geremia v. First Nat'l Bank*, 653 F.2d 1, 5 (1st Cir. 1981)). If Ms. Bellerose wishes to suggest an expedited discovery process in the consolidated cases, she is free to do so. Right now, however, Ms. Bellerose's concern about additional discovery is not a sufficient "demonstrable prejudice" to prohibit consolidation. *Seguro de Servicio de Salud*, 878 F.2d at 8.

## IV.   CONCLUSION

The Court GRANTS Sea Salt, LLC's Motion to Consolidate in *Sea Salt, LLC v. Matthew R. Bellerose*, 2:18-cv-00413-JAW (ECF No. 268), and GRANTS Sea Salt, LLC's Motion to Consolidate in *Sea Salt, LLC v. TD Bank, N.A.*, 2:20-cv-00099-JAW (ECF No. 120).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2021