UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SEA SALT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00413-JAW |
| ) | |
| MATTHEW R. BELLEROSE, et al., ) | |
| ) | |
| Defendants. ) | |
| SEA SALT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00099-JAW |
| ) | |
| PAYPAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DECISION AND ORDER**

Plaintiff moves for entry of default judgment against a defaulted corporate defendant pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff also moves to pierce the corporate veil of the defaulted corporate defendant and enter judgment against a non-defaulted individual defendant. The individual defendant requests an extension of time to respond to Plaintiff's motions and asks the Court to refrain from ruling against him until the order staying the case against him is lifted.

The Court grants the motion for default judgment against the defaulted corporate defendant. However, because the case is currently stayed as to the individual defendant, the Court dismisses without prejudice Plaintiff's motion to

pierce the corporate veil and grants the individual defendant's motion to refrain from ruling against him individually while the stay is in effect.

## I.     BACKGROUND

### A.     Procedural History

On March 16, 2020, Sea Salt, LLC (Sea Salt) filed a complaint in *Sea Salt, LLC v. PayPal, Inc., et al.*, 2:20-cv-00099-JAW, (2020 Litigation), against Bellerose Investment Group, LLC (BIG) and five other defendants alleging a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), as well as Maine state law violations. *2020 Litigation, Pl.'s Compl. and Demand for Jury Trial* (ECF No. 1).[1] Because Sea Salt intended to dismiss one party to the lawsuit and add two others, it requested additional time to serve the defendants, including BIG. *2020 Litigation, Pl.'s Resp. to Order to Show Cause and Mot. to Extend Deadline to Complete Service* (ECF No. 22); *2020 Litigation, Mot. to Extend Time to Complete Service* (ECF No. 23). The Court granted the motion to extend, setting a July 31, 2020 deadline for completion of service. *2020 Litigation, Order* (ECF No. 24).

On June 30, 2020, Sea Salt filed its First Amended Complaint. *2020 Litigation, Pl.'s First Am. Compl. and Demand for Jury Trial* (ECF No. 31). On July 8, 2020, the York County Sheriff's Office served BIG—via BIG's sole member, Matthew R. Bellerose—with the issued summons. *2020 Litigation, Proof of Service* (ECF No. 34). On August 3, 2020, Sea Salt filed a motion for entry of default against BIG, as well

---

[1]     The Court consolidated the *Sea Salt, LLC v. PayPal, Inc., et al.*, 2:20-cv-00099-JAW action (2020 Litigation) with another case, *Sea Salt, LLC v. Matthew R. Bellerose, et al.*, 2:18-cv-00413-JAW (2018 Litigation). *Order on Mots. to Consolidate* (ECF No. 277). The 2018 Litigation is now the lead case. Unless otherwise indicated, the Court's citations to docket entries are from the 2018 Litigation.

as a motion for a hearing pursuant to Federal Rule of Civil Procedure 55(b) and a motion for default judgment as to BIG. *2020 Litigation, Pl.'s Mot. for Entry of Default against Def. Bellerose Investment Group, LLC and Req. for Hr'g on Rule 55(b)(2) Mot. for Default J.* (ECF No. 50). The Clerk's Office entered default that same day. *2020 Litigation, Order Granting Mot. for Entry of Default* (ECF No. 52). On August 6, 2020, the Court granted the motion for a Rule 55(b) hearing but declined to schedule the hearing because the District of Maine was not holding evidentiary hearings due to the COVID-19 pandemic. *2020 Litigation, Order* (ECF No. 54). The Court reserved ruling on the motion for default judgment. *Id.*

On March 1, 2021, Sea Salt filed its Second Amended Complaint. *2020 Litigation, Pl.'s Second Am. Compl. and Demand for Jury Trial* (ECF No. 118) (*Second Am. Compl.*). On March 5, 2021, Sea Salt moved to consolidate the *Sea Salt, LLC v. PayPal, Inc., et al.*, 2:20-cv-00099-JAW action (2020 Litigation) with another case, *Sea Salt, LLC v. Matthew R. Bellerose, et al.*, 2:18-cv-00413-JAW (2018 Litigation), that Sea Salt initiated in 2018 stemming from the same underlying fraudulent conduct. *2020 Litigation, Pl.'s Mot. to Consolidate* (ECF No. 120).

On March 15, 2021, the Court held via video conference a damages hearing regarding Sea Salt's motion for default judgment against BIG. *2020 Litigation, Min. Entry* (ECF No. 125). On April 12, 2021, Sea Salt filed a renewed motion for default judgment against BIG and a motion to pierce the corporate veil to obtain relief against Matthew Bellerose. *2020 Litigation, Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* (ECF No. 134).

On April 15, 2021, the Court granted Sea Salt's motion to consolidate the two cases. *2020 Litigation, Order on Mots. to Consolidate* (ECF No. 136). The Court consolidated the 2020 Litigation and 2018 Litigation, with the 2018 Litigation becoming the lead case. *2020 Litigation, Notice* (ECF No. 137). Because of the consolidation, four motions regarding BIG were transferred from the 2020 Litigation docket to the lead 2018 Litigation docket: (1) Sea Salt's motion for default judgment against BIG, *Pl.'s Mot. for Entry of Default Against Def. Bellerose Investment Group, LLC and Req. for Hr'g on Rule 55(b)(2) Mot. for Default J.* (ECF No. 278) (*Pl.'s Mot. for Default J.*)[2]; (2) Sea Salt's motion in limine to take judicial notice of the default judgment entered against another defendant, East End Transport, LLC, *Mot. in Limine to Take Judicial Notice* (ECF No. 279) (*Pl.'s Mot. for Judicial Notice*); (3) Sea Salt's renewed motion for default judgment and motion to pierce the corporate veil, *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* (ECF No. 280) (*Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil*); and (4) Sea Salt's motion to seal certain exhibits from the March 15, 2021 damages hearing, *Pl.'s Mot. to Seal and Suppl. Exs. for Default Damages Hr'g* (ECF No. 281) (*Pl.'s Mot. to Seal*).[3]

BIG has not responded nor has it appeared in this case, but on April 26, 2021, Matthew Bellerose moved to extend his time to respond to Sea Salt's renewed motion

---

[2]   This motion was previously docketed at ECF No. 50 in the 2020 Litigation. The motion makes three requests: (1) entry of default, (2) a Rule 55(b) hearing, and (3) entry of default judgment. The first two requests were granted in the 2020 Litigation but the motion for default judgment remains pending. *See 2020 Litigation, Order Granting Mot. for Entry of Default* (ECF No. 52); *2020 Litigation, Order* (ECF No. 54).

[3]   The Court will address Sea Salt's motion to seal in a separate order.

for default judgment and motion to pierce the corporate veil, and moved for the Court to refrain from issuing any rulings that affect him personally while the case remains stayed against him. *Def. Matthew Bellerose's Mot. to Extend the Time to Respond to Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil and Def. Matthew Bellerose's Mot. to Refrain from Issuing Any Rulings that Affect Mr. Bellerose Individually While the Stay of Proceedings Against Mr. Bellerose Remains in Effect and Until Mr. Bellerose Is No Longer Forced to Waive His Constitutional Rights to Defend the Mots.* (ECF No. 284) (*Bellerose's Mot.*). Notwithstanding his request for extension of time, Mr. Bellerose responded to Sea Salt's motion to pierce the corporate veil on May 6, 2021. *Def. Matthew Bellerose's Resp. to Pl.'s Mot. to Pierce the Corporate Veil* (ECF No. 289) (*Bellerose's Resp.*). On May 20, 2021, Sea Salt replied to Mr. Bellerose's response. *Pl.'s Reply Mem. in Supp. of Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* (ECF No. 290) (*Pl.'s Reply*).

    **B.**    **Statement of Facts**

The Court provides a brief statement of relevant facts, found true as against BIG but no other defendant.

Sea Salt is a lobster wholesale business located in Saco, Maine that employed Matthew R. Bellerose, who later became a partner in the business. *Second Am. Compl.* ¶ 13. In 2017, Sea Salt hired a forensic accounting firm to investigate an unexplained and substantial loss of product. *Id.* ¶¶ 14-15. Based on the evidence, the cause of these losses turned out to be theft. Sea Salt's investigation revealed a fraudulent scheme where Mr. Bellerose would ship inventory to a company called

"Mastro's" but would not invoice Mastro's for most of the product. *Id.* ¶¶ 20-21. The "profits" from this fraudulent venture were deposited in accounts under the names "East End Transport" and "East End." *Id.* ¶¶ 38-39. East End Transport, LLC (East End) is a Maine Limited Liability Company that Mr. Bellerose used as a front for stealing and shipping lobsters that he had diverted from Sea Salt. *Id.* ¶¶ 1, 45-46. Sea Salt determined that Mr. Bellerose and East End collectively embezzled at least $1,496,427.67 from Sea Salt. *Id.* ¶ 30. East End failed to defend the 2018 Litigation and on August 27, 2019, after evidentiary hearings on June 17, 2019 and August 8, 2019, the Court granted Sea Salt's motion for default judgment and directed the Clerk of Court to enter final judgment for Sea Salt against East End in the amount of $4,500,00. *Decision and Order* at 9 (ECF No. 86); *Default J.* (ECF No. 87).

Through discovery in the 2018 Litigation, Sea Salt learned that Mr. Bellerose was using Bellerose Investment Group, LLC (BIG)—a Maine Limited Liability Company with Mr. Bellerose as the sole member—as part of the fraudulent money laundering scheme. *Second Am. Compl.* ¶¶ 48-52. Mr. Bellerose transferred funds from East End's PayPal account into BIG's TD Bank account, and East End paid the mortgage for an investment property owned by BIG in Saco, Maine. *Id.* In total, Mr. Bellerose transferred to BIG more than $450,000 in cash. *Id.* ¶ 105.

## II.   LEGAL STANDARD

In the event that a party who is "neither a minor nor an incompetent person" is defaulted "for not appearing" and the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation," Federal Rule of Civil Procedure 55(b)(1)

requires that, upon the plaintiff's request, the Clerk of Court enter judgment for plaintiff in the amount requested, plus costs. FED. R. CIV. P. 55(b)(1). If the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the party seeking default "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Should the court need to conduct further investigation before entering a judgment, it "may conduct hearings or make referrals . . .." *Id.*

## III. DISCUSSION

Sea Salt requests that the Court take judicial notice of the default judgment against East End and enter default judgment in its favor against BIG. Sea Salt also asks that the Court pierce the corporate veil and enter judgment against Matthew Bellerose. *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 28-29. Mr. Bellerose asks for an extension of time to respond to Sea Salt's motion and requests that the Court refrain from issuing any rulings against him individually until the Court's stay of the case against him has been lifted and he is no longer forced to waive his constitutional rights to adequately respond. *Bellerose's Mot.* at 5.

### A. Judicial Notice of the Default Judgment Entered Against East End Transport, LLC

On August 27, 2019, the Court granted Sea Salt's motion for entry of default judgment against East End and directed the Clerk of Court to enter final judgment for Sea Salt against East End in the amount of $4,500,000. *Decision and Order* at 8. Sea Salt now asks the Court to take judicial notice of that judgment. *Pl.'s Mot. for Judicial Notice.*

Federal Rule of Evidence 201(b) allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." *Burnett v. Ocean Props., Ltd.*, No. 2:16-cv-00359-JAW, 2018 U.S. Dist. LEXIS 183706, at *4 (D. Me. Oct. 26, 2018) (quoting FED. R. EVID. 201(b)). Sea Salt clarifies that it is not asking the Court to take judicial notice of a judicial decision because "a judicial decision is a matter of law, not evidence." *Pl.'s Mot. for Judicial Notice* at 5 (quoting *Mitchell v. United States*, No. 1:15-cr-00040-JAW-3; No. 1:19-cv-00184-JAW, 2020 U.S. Dist. LEXIS 186059, at *18 (D. Me. Oct. 7, 2020)). Rather, Sea Salt requests judicial notice of the adjudicatory fact that the Court entered a default judgment of $4,500,000 against East End. *Id.* Because the judgment is an adjudicative fact, the Court takes judicial notice of it. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand"); *Bostwick v. 44 Chestnut St.*, No. 17-cv-12409-ADB, 2019 U.S. Dist. LEXIS 51241, at *3 (D. Mass. Mar. 27, 2019) (taking judicial notice of final judgment).

### B.    Entry of Default Judgment Against BIG

Following the evidence presented at the March 15, 2021 hearing, the Court views as appropriate the entry of a default judgment against BIG and in favor of Sea Salt on all claims. The record demonstrates BIG did not respond to the summons and First Amended Complaint or the Second Amended Complaint within the twenty-one-

8

day period set by Federal Rule of Civil Procedure 12(a)(1)(A)(i) and did not attend an evidentiary hearing on damages despite being noticed by counsel for Sea Salt. The Court finds that Sea Salt proved compensatory damages in the amount of $459,200 against BIG. There is also sufficient evidence to support treble damages under the RICO Act.

Notwithstanding the amount of damages attributable to BIG, Sea Salt asks the Court hold BIG jointly and severally liable for the default judgment entered against East End. Sea Salt argues that "[j]oint and several liability should be imposed against BIG and East End as two separate enterprises jointly engaged in a criminal conspiracy that violates the civil RICO Act." *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 15-16.

There is some support from the First Circuit for holding RICO co-conspirators jointly and severally liable. In *Aetna Casualty Surety Company v. P & B Autobody*, 43 F.3d 1546 (1st Cir. 1994), the First Circuit considered a widespread fraudulent scheme, involving five automobile body shops and two insurance claims adjusters, to obtain payments on fraudulent insurance claims. *Id.* at 1551. The District Court entered default judgment against the adjusters under RICO. *Id.* at 1552. Five individuals referred to as the "Arsenal defendants" went to trial and the jury found them liable for a substantive RICO violation under 28 U.S.C. § 1962(c) for participating in the affairs of Aetna through a pattern of racketeering activity, and liable under 28 U.S.C. § 1962(d) for RICO conspiracy with the adjusters and the operators of other body shops. *Id.* at 1552-53. The judgment against the Arsenal

9

defendants was in the same amount, and on the same calculus, as that against the adjusters. *Id.* at 1553. The *Aetna* Court upheld the judgment, explaining that "[a] defendant who does not know the 'entire conspiratorial sweep' is nevertheless jointly and severally liable, in the civil context, for all acts in furtherance of the conspiracy." *Id.* at 1562. Thus, the Court held that "upon proof that each defendant committed or agreed to the commission of two predicate offenses, each defendant could be held liable for the overall RICO conspiracy." *Id.* at 1563.

Other courts have similarly held RICO defendants jointly and severally liable. *See Fleischhauer v. Feltner*, 879 F.2d 1290, 1301 (6th Cir. 1989) (finding the district court erred in instructing the jury to award damages against each defendant separately and individually, noting that "the nature of the RICO offense mandates joint and several liability"); *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 353 (S.D.N.Y. 2011) (entering default judgment on substantive RICO and conspiracy RICO claims, holding defendants jointly and severally liable); *United States v. Philip Morris USA*, 316 F. Supp. 2d 19, 27 (D.D.C. 2004) ("Every circuit in the country that has addressed the issue has concluded that the nature of both civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations").

Here, BIG has not appeared and so the allegations in the Second Amended Complaint are admitted. The Second Amended Complaint alleges that BIG "is connected to the fraud and embezzlement alleged in the 2018 Bellerose litigation because East End Transport, LLC paid the mortgage for an investment property

owned by BIG located at 823 Portland Road in Saco, Maine." *Second Am. Compl.* ¶ 50. It further alleges that Matthew Bellerose "is the sole member of BIG, which exists at least in part to aid and abet the fraud, embezzlement, and criminal conspiracy alleged in the 2018 Bellerose litigation." *Id.* ¶ 52. Sea Salt also asserts that East End and BIG are both entities that participated in the described racketeering activity. *Id.* ¶¶ 122-23. Evidence from the damages hearing shows that East End made a $40,000 transfer to BIG. *Pl.'s Mot. to Seal*, Attach. 1, *Pl.'s Ex. 2* at 9.

Given BIG's failure to appear in this case, and upon review of the allegations in the Second Amended Complaint and the evidence Sea Salt submitted at the evidentiary hearing, the Court finds that there is sufficient evidence to hold BIG jointly and severally liable with East End. Therefore, there is sufficient evidence to support compensatory damages in the amount of $1,500,000, treble damages under the RICO Act, and punitive damages in the amount of $3,000,000.[4]

### C. Relief Against Matthew Bellerose

In addition to requesting a default judgment against BIG, Sea Salt seeks relief against Matthew Bellerose. Sea Salt "asks the Court to pierce the corporate veil of BIG and enter judgment in the same amount against Matthew Bellerose individually." *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil*

---

[4] Sea Salt seeks $4,000,000 in punitive damages but does not provide any support for that number. *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 15 n.3. Because the Court is holding BIG jointly and severally liable with East End, the Court finds it appropriate to award $3,000,000 in punitive damages—the same amount the Court awarded against East End. *Decision and Order* at 8 (ECF No. 86).

at 28. Sea Salt also requests equitable relief against Mr. Bellerose. Specifically, Sea Salt "requests that the Court order divestiture of Matthew Bellerose's ownership interest in Sea Salt" and "asks for an order restraining Bellerose from operating the lobsterorder.com website or social media sites or engaging in any other business activity within the lobster industry." *Id.* at 28-29.

Mr. Bellerose objects, noting that the proceedings are currently stayed as to him and moves for an order "extending the time for him to respond to [Sea Salt's] renewed motion for default judgment and motion to pierce the corporate veil" and "refraining from considering any requests for relief against Mr. Bellerose individually and from issuing any rulings against Mr. Bellerose individually" until the Court's stay is lifted. *Bellerose's Mot.* at 5. Notwithstanding his motion for an extension of time to respond to Sea Salt's motion, Mr. Bellerose filed a response in opposition to Sea Salt's motion to pierce the corporate veil. *Bellerose's Resp.*

In its reply brief, Sea Salt asserts, among other things, that Mr. Bellerose has no standing to object because he is only a party to the 2018 Litigation and his rights in the 2018 Litigation are "separate" from the rights of defendants in the 2020 Litigation. *Pl.'s Reply* at 1-2. Sea Salt also asserts that "the stay of proceedings against [Mr.] Bellerose is immaterial to veil piercing." *Id.* at 5. Sea Salt, however, provides no legal support for either of its assertions and the Court is highly dubious.

The Court agrees with Mr. Bellerose that it is inappropriate to enter judgment against him while the proceedings are stayed as to him. On May 13, 2020, Magistrate Judge Nivison issued an order staying the case as to Mr. Bellerose, and the case

12

remains stayed as to him. *Order on Mot. to Stay* (ECF No. 186). The Magistrate Judge reasoned that a stay would allow Mr. Bellerose to preserve his Fifth Amendment right against self-incrimination while allowing Sea Salt to proceed against the other defendants. *Id.* at 6. Although Mr. Bellerose was not a party to the 2020 Litigation, the two cases have now been consolidated and Sea Salt seeks both damages and injunctive relief against Mr. Bellerose individually. Because the case remains stayed against Mr. Bellerose, the Court will dismiss without prejudice Sea Salt's motion to pierce the corporate veil against Mr. Bellerose while the stay remains in effect. Having resolved Sea Salt's motion for default judgment and motion to pierce the corporate veil, the Court denies as moot Mr. Bellerose's motion for an extension of time to respond but grants Mr. Bellerose's request to refrain from issuing any rulings against Mr. Bellerose individually while the case remains stayed as to him.[5]

Reviewing the current status of the case for purposes of this order, the Court notes that while appropriate in May 2020, the stay as to Mr. Bellerose may no longer be appropriate. The Magistrate Judge stayed the proceedings against Mr. Bellerose "until further order of the Court." *Order on Mot. to Stay* at 6-7. The Magistrate Judge explained that "[u]pon conclusion of any discovery that might be outstanding and any motion practice as to the other defendants, the Court will assess whether the stay as to Defendant Bellerose should be lifted or whether the trial shall be stayed until the conclusion of the criminal proceeding." *Id.* at 7 n.2.

---

[5] Having concluded that it is inappropriate to enter judgment against Mr. Bellerose while the case remains stayed as to him, the Court need not decide whether injunctive relief is available to a private party under the RICO Act. *See Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 24-28.

It may be time to assess whether the stay as to Mr. Bellerose should be lifted, especially considering an indictment has not yet issued. *See Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) ("While pre-indictment stays of parallel civil proceedings occasionally have been granted, an unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief") (internal citation omitted); *see also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (explaining that "[s]tays generally are not granted before an indictment has issued" and noting that "[t]he district court's denial of defendants' motion to stay is in keeping with the bulk of judicial authority, which holds that stays are generally not granted before indictments have issued"); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (describing the stay of a civil case to permit conclusion of a related criminal prosecution as "an extraordinary remedy").

Sea Salt's case against Mr. Bellerose has been pending since August 3, 2018, over two and one-half years. *State Ct. Record*, Attach. 1, *Docket Record* at 1 (ECF No. 5). The Magistrate Judge issued the stay order on May 13, 2020, when it appeared Mr. Bellerose's indictment might be imminent. In support of his motion to stay, in January 2020, Mr. Bellerose stated he was "the target of a federal criminal investigation related to the alleged events at issue in [Sea Salt's] Amended Complaint, and he has received a 'target letter' from the U.S. Attorney's office." *Def. Matthew Bellerose's Mot. to Stay* (ECF No. 112).

The Court has now stayed the case against Mr. Bellerose for over a year and has not received any update on the criminal investigation. How long a stay against one party in civil litigation should remain in effect while a criminal investigation is pending is an open question, but it seems apparent the stay must not be indefinite. This is especially true since other aspects of the case are moving forward apace against other parties as is evident from this order.

## IV.   CONCLUSION

The Court GRANTS Sea Salt, LLC's Motion for Default Judgment (ECF No. 278) and Motion in Limine to Take Judicial Notice (ECF No. 279). The Court GRANTS IN PART and DISMISSES IN PART Sea Salt, LLC's Renewed Motion for Default Judgment and Motion to Pierce the Corporate Veil (ECF No. 280). The Court GRANTS the Renewed Motion for Default Judgment and directs the Clerk to enter judgment for Sea Salt, LLC and against Bellerose Investment Group, LLC in the amount of four million five hundred thousand dollars. Sea Salt, LLC is not requesting attorney's fees, and thus the Court does not include attorney's fees in the judgment. The Court DISMISSES without prejudice the Motion to Pierce the Corporate Veil.[6]

---

[6]   Although requested in the proposed judgment that Sea Salt submitted to the Court on April 16, 2021, despite extensive briefing, Sea Salt's claim for injunctive relief against BIG (as opposed to Matthew Bellerose) and its basis for relief is not mentioned in its renewed motion for default judgment. *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 1-30. Whether injunctive relief may be granted to a private party under the RICO Act is not clearly resolved as a matter of law. *Compare Chevron Corp. v. Donziger*, 833 F.3d 74, 137 (2d Cir. 2016) (holding RICO authorizes private rights of action for injunctive relief), *with Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1088-89 (9th Cir. 1986) (holding RICO does not give private plaintiffs any right to injunctive relief); *see Nat'l Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 695 (7th Cir. 2001) (collecting cases expressing divergent views). Sea Salt itself acknowledges that the First Circuit has not addressed the issue. *Pl.'s Renewed Mot. for Default J. and Mot. to Pierce the Corporate Veil* at 26-27; *see also Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 848 (1st Cir. 1990) ("[I]t is not clear whether injunctive or other equitable relief is available at all in private civil RICO actions"). Furthermore, the Court is dubious about enjoining BIG, a dissolved entity, from participating in certain acts when it is not authorized to act at all during

Furthermore, the Court GRANTS IN PART and DENIES IN PART Matthew Bellerose's Motion to Extend the Time to Respond to Plaintiff's Renewed Motion for Default Judgment and Motion to Pierce the Corporate Veil and Defendant Matthew Bellerose's Motion to Refrain from Issuing Any Rulings that Affect Mr. Bellerose Individually While the Stay of Proceedings Against Mr. Bellerose Remains in Effect and Until Mr. Bellerose Is No Longer Forced to Waive His Constitutional Rights to Defend the Motions (ECF No. 284). The Court DENIES as moot the Motion to Extend the Time to Respond and the Court GRANTS the Motion to Refrain from Issuing Rulings that Affect Mr. Bellerose Individually While the Stay of Proceedings Against Mr. Bellerose Remains in Effect.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2021

---

its dissolution. If Sea Salt wishes to press the claim for injunctive relief against BIG, it must notify the Court within seven days of the date of this order and the Court will set a briefing schedule for Sea Salt to explain its entitlement to injunctive relief against BIG in these circumstances.